ON MOTION TO QUASH
PER CURIAM.
The State of Florida has filed its motion to quash the instant appeal from an order denying appellant’s petition for a writ of habeas corpus.
In 1958, appellant entered a plea of guilty to a charge of breaking and entering with intent to commit a felony, to wit, aggravated assault. Papers in the record on appeal indicate that the aggravated assault consisted of cutting a lady with a butcher knife inside the dwelling house broken into and entered by the appellant. At the time of the commission of this crime, appellant was a minor. He was sentenced to serve a term of five years in the state penitentiary.
The petition filed in the lower court alleges on its face that the sentence imposed upon appellant had been served at the time the petition was filed. Moreover, there is no allegation by the appellant in said petition that he was in any manner being held in custody at the time the petition was filed by reason of the sentence imposed upon him.
The State’s motion to quash is grounded upon the rule long adhered to in this jurisdiction that a habeas corpus action will not lie unless it affirmatively appears that the petitioner is in custody and is entitled to be released from such custody. We think the State’s motion is well taken.
- Accordingly, the appeal herein is quashed on the authority of State ex rel. Brown v. Cochran, 118 So.2d 5 (Fla.); Young v. State, 167 So.2d 622 (Fla.App. 1st 1964); Desrosiers v. State, 189 So.2d 834 (Fla.App. 1st 1966).
WIGGINTON, C. J., and CARROLL, DONALD K., and SPECTOR, JJ., concur.