595 So.2d 8 (1992)
McArthur BREEDLOVE, Petitioner,
v.
Harry K. SINGLETARY, Respondent.
McArthur BREEDLOVE, Appellant/Cross-Appellee,
v.
State of Florida, Appellee/Cross-Appellant.
Nos. 79087, 79207.
Supreme Court of Florida.
January 23, 1992.
Rehearing Denied April 1, 1992.
*9 Larry Helm Spalding, Capital Collateral Representative and Thomas H. Dunn, Assistant CCR, Office of the Capital Collateral Representative, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Ralph Barreira, Asst. Atty. Gen., Miami, for respondent.
PER CURIAM.
McArthur Breedlove, a prisoner scheduled for execution on January 22, 1992, petitions this Court for a writ of habeas corpus, appeals the trial court's summary denial of his motion for postconviction relief, and requests a stay of execution. We have jurisdiction. Art. V, § 3(b)(1), (9), Fla. Const.; Fla.R.Crim.P. 3.850.
A jury convicted Breedlove of first-degree murder for killing a man during a residential burglary, the trial court sentenced him to death, and this Court affirmed the conviction and sentence. Breedlove v. State, 413 So.2d 1 (Fla.), cert. denied, 459 U.S. 882, 103 S.Ct. 184, 74 L.Ed.2d 149 (1982). In 1982 Breedlove filed a Florida Rule of Criminal Procedure 3.850 motion for postconviction relief, claiming a violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 *10 (1963). After the signing of Breedlove's first death warrant in 1983, the trial court stayed his execution pending resolution of that motion. That resolution occurred less than a year ago when we affirmed the trial court's denial of relief. Breedlove v. State, 580 So.2d 605 (Fla. 1991). Governor Chiles recently signed Breedlove's second death warrant, prompting this round of proceedings.
Breedlove raises the following issues in his habeas corpus petition: 1) improper penalty-phase prosecutorial argument regarding an uncharged offense, mental health evidence, lack of remorse, and possibility of parole and ineffectiveness of counsel for not raising this matter on appeal; 2) unconstitutionality of the instruction on heinous, atrocious, or cruel and of applying that aggravator to Breedlove's case; 3) improper hearsay admitted in the penalty phase about a prior felony conviction and ineffectiveness of appellate counsel for not raising this claim; 4) improper guilt-phase prosecutorial argument regarding the defense's failure to call certain witnesses and ineffective assistance by appellate counsel for not raising this issue; 5) improper penalty-phase prosecutorial argument that told the jurors they were required to recommend death and that diminished the jurors' sense of responsibility and ineffectiveness of trial counsel for failing to object to this argument; 6) instruction on avoid/prevent arrest aggravator makes flight an improper aggravator; and 7) improper instruction that majority of jurors must vote for life imprisonment and ineffectiveness of trial counsel for failure to object.
Claims of trial counsel's ineffectiveness should be brought in rule 3.850 motions and are not cognizable in habeas corpus proceedings. Claims 5 and 7, therefore, should not be included in this petition.
Habeas corpus is not a second appeal and cannot be used to litigate or relitigate issues which could have been, should have been, or were raised on direct appeal. E.g., Porter v. Dugger, 559 So.2d 201 (Fla. 1990); Clark v. Dugger, 559 So.2d 192 (Fla. 1990). Issue 6, which does not allege ineffectiveness of appellate counsel, is procedurally barred because, if the instruction had been objected to at trial on the ground now raised, it could have been considered on appeal.
Using different grounds to reargue the same issue is also improper. E.g., Francis v. Barton, 581 So.2d 583 (Fla.), cert. denied, ___ U.S. ___, 111 S.Ct. 2879, 115 L.Ed.2d 1045 (1991). Breedlove's appellate counsel raised the propriety of the prosecutor's argument and comments in both phases of trial and questioned applying the heinous, atrocious, or cruel aggravator to Breedlove, and this Court fully considered these issues. Therefore, that current counsel argues other grounds or facts than appellate counsel did does not save issues 1, 2, and 4 from being barred procedurally. Allegations of counsel's ineffectiveness cannot circumvent the rule that habeas corpus proceedings are not a second appeal. E.g., Medina v. Dugger, 586 So.2d 317 (Fla. 1991). The allegations of ineffectiveness in issues 1 and 4, therefore, do not preclude a procedural bar of those issues. E.g., Johnston v. Dugger, 583 So.2d 657 (Fla. 1991).
Thus, the only issue properly presented in this petition is the third one, which alleges that appellate counsel rendered ineffective assistance by not raising as error allowing hearsay into evidence during the penalty phase. Breedlove had previously been convicted of and served time for sexual battery in California. During the sentencing proceeding, a Los Angeles detective testified, over objection, about that crime and what the victim told him.
Breedlove has not met the substandard performance and prejudice test from Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and his reliance on Rhodes v. State, 547 So.2d 1201 (Fla. 1989), is misplaced. In Rhodes we held that playing a tape recording of the victim's recounting the crime was error because Rhodes could not cross-examine that recording. Here, however, the witness was available for cross-examination. If this issue had been raised on direct appeal, we would have found it to have no *11 merit, and appellate counsel is not ineffective for not raising nonmeritorious issues. Cf. Roberts v. State, 568 So.2d 1255 (Fla. 1990); Bolender v. Dugger, 564 So.2d 1057 (Fla. 1990). Therefore, we deny the petition for habeas corpus.
Breedlove raised three issues in his rule 3.850 motion: 1) trial counsel's ineffectiveness at the guilt phase; 2) Brady violation; and 3) trial counsel's ineffectiveness at sentencing. The trial court summarily denied the motion as untimely. We agree that this second postconviction motion is untimely.
Breedlove's first rule 3.850 motion was filed in 1982. In 1985, this Court's amendment to rule 3.850, providing that postconviction motions must be filed within two years of a conviction being final, became effective. Despite this two-year time limit, Breedlove did not attempt to amend his petition to add more issues. However, Breedlove was represented by the public defender's office both at his trial and during his first rule 3.850 proceeding. Therefore, that office was unable to assert a claim of ineffective assistance of trial counsel. Adams v. State, 380 So.2d 421 (Fla. 1980). On the peculiar facts of this case, we choose to overlook the procedural default as it relates to claims of ineffective assistance of counsel.
After stating that the motion was untimely, the trial court went on to the merits of the motion's claims. The court correctly found the second issue procedurally barred because Breedlove raised Brady violations on direct appeal. E.g., Francis; Kennedy v. State, 547 So.2d 912 (Fla. 1989). We shall now address the claims of ineffective assistance of counsel raised in the first and third issues.
To receive an evidentiary hearing on a claim of trial counsel's ineffective assistance, "the defendant must allege specific facts which are not conclusively rebutted by the record and which demonstrate a deficiency in performance that prejudiced the defendant." Roberts, 568 So.2d at 1259. Breedlove has not met this standard with respect to the guilt phase of his trial. The first issue alleges 1) that trial counsel should have succeeded in having Breedlove's confession suppressed but failed because he did not investigate a) an alibi and b) Breedlove's claim that his confessions had been coerced and 2) that counsel failed to investigate an intoxication defense. The record, however, discloses that counsel deposed Breedlove's brother, the "alibi" witness, had the brother's sworn statement to a police officer, and knew what the brother had told another officer. Breedlove raised a Brady violation regarding statements to the police. Counsel also conscientiously prosecuted the motion to suppress, and on appeal we found no error in its denial. The record also discloses that trial counsel knew of Breedlove's alcohol and drug use. While the record shows that Breedlove had a history of alcohol and drug abuse, it also shows a lack of available facts from which an intoxication defense could be established.
On the other hand, we believe that Breedlove's allegations of ineffectiveness in the penalty phase of his trial are sufficient to require an evidentiary hearing. According to an affidavit of assistant public defender Jay Levine, about two weeks before the trial he had been asked to assist his supervisor by sitting in on the trial as second chair. When the jury returned a guilty verdict on Friday afternoon, the supervisor insisted that Levine handle the penalty phase over Levine's protest of being unprepared. He had only the weekend to prepare, and there had been no investigation about Breedlove's background. The only defense witnesses were mental health experts, but Levine did not even talk to them until the morning of their testimony.
Breedlove further alleges that counsel failed to furnish the mental health experts with any information concerning his background, the facts of the offense, or his mental status on the night of the homicide. Consequently, the experts were unprepared to respond effectively to the State's cross-examination. Breedlove further asserts that counsel negligently failed to present available evidence of his intoxication on the night of the murder which could have been *12 used as a basis to support the experts' testimony.
Breedlove further submitted more than ten affidavits of family and friends who could have testified about Breedlove's abandonment by his alcoholic mother and the severe physical abuse he received at the hands of his stepfather. They also would have testified to his addiction to alcohol and drugs as well as his mental instability.
The State primarily argues that Breedlove has failed to demonstrate that any prejudice resulted even if his counsel was ineffective. However, it must be remembered that Breedlove's victim died from a single stab wound inflicted during the course of a burglary and that Breedlove acquired the weapon only after entering the house. The State conceded at the trial that this was a case of felony murder rather than premeditated murder. A strong presentation of mitigating evidence is more likely to tip the scales in a case where the killing was not premeditated. In the final analysis, we do not believe that the issue of ineffectiveness during the penalty phase can be resolved without an evidentiary hearing.
We reverse the summary denial of the motion for postconviction relief insofar as it pertains to the ineffectiveness of counsel at sentencing and remand for an evidentiary hearing on this issue to be held within ninety days. We deny the motion for postconviction relief on all other issues. We also deny the petition for habeas corpus. By separate order, we have stayed Breedlove's pending execution.
It is so ordered.
SHAW, C.J., and OVERTON, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
McDONALD, J., concurs in part and dissents in part with an opinion.
McDONALD, Judge, concurring in part, dissenting in part.
I fully agree with all aspects of the majority opinion except its granting an evidentiary hearing on the penalty phase issue. I believe the order denying relief should be affirmed on the merits. Accepting all the allegations and supporting affidavits to be true, I am thoroughly convinced that Breedlove was not prejudiced by any alleged deficiencies. In other words, I am satisfied that both the jury's recommendation and the trial judge's sentence of death would have been the same and we would have affirmed the sentence of death even if the alleged omitted acts were performed.