**James Lee ANTHONY, Petitioner,**

v.

**Harry SINGLETARY, Jr., Secretary, Department of Corrections, State of Florida, Respondent.**

No. 92–1150–CIV–T–17(A).

United States District Court,
M.D. Florida,
Tampa Division.

Dec. 6, 1993.

---

James Lee Anthony, Jr., pro se.

Susan D. Dunlevy, Atty. General's Office, Dept. of Legal Affairs, Crim. Div., Tampa, FL, for respondent.

## ORDER

KOVACHEVICH, District Judge.

PETITIONER SEEKS a writ of habeas corpus filed pursuant to Title 28, United States Code, Section 2254. Respondent filed a Response in which he incorporated a request to dismiss the petition for writ of habeas corpus. Petitioner filed a Response to Respondent's Motion to Dismiss, and subsequently filed a Motion for an Evidentiary Hearing Ad Testificandum.

Petitioner challenges his conviction for sexual battery without a deadly weapon and unarmed burglary, imposed on or about May 30, 1989, in Pinellas County, Florida. The petition presents four grounds for relief: (1) conviction obtained by action of a grand jury or petit jury that was unconstitutionally selected and impaneled, (2) denial of effective assistance of counsel, (3) denial of a proposed jury instruction, and (4) prosecutorial misconduct.

## FACTS

James Lee Anthony ("Petitioner") was charged with sexual battery with a deadly

weapon and armed burglary. On May 25, 1989, by jury verdict, Petitioner was found guilty of sexual battery without a deadly weapon and unarmed burglary. He was sentenced on May 30, 1989. Petitioner took a direct appeal of his judgment and sentence to the Second District Court of Appeal, raising three grounds for relief: (1) denial of directed verdict of acquittal, (2) denial of motion for mistrial, and (3) denial of proposed jury instruction. The Second District Court of Appeal affirmed on April 23, 1991. *Anthony v. State,* 577 So.2d 1333 (Fla. 2d DCA 1991).

On August 8, 1991, Petitioner filed a Motion for Post–Conviction Relief pursuant to Fla.R.Crim.P. 3.850. The motion was stricken because it was not properly sworn. Petitioner then filed a Motion For Rehearing, which was mooted when he subsequently filed a properly sworn Motion for Post–Conviction Relief on December 5, 1991.

The December 5, 1991, Motion for Post–Conviction Relief raised eight grounds for relief: (1) jury was unconstitutionally selected or impanelled, (2) ineffective assistance of trial counsel, (3) legality of sentence, (4) prosecutorial misconduct, (5) denial of petitioner's proposed jury instruction, (6) insufficient evidence to sustain a conviction, (7) conviction obtained by the victim's perjured testimony, and (8) limitation of cross-examination by defense counsel. The Court did not address the third ground because it was identical to a claim raised and considered in a separate Motion to Correct Sentence, pursuant to Fla.R.Crim.P. 3.800, which was granted on June 29, 1992. The court denied all other grounds. The Second District of Appeal affirmed with a brief opinion in *Anthony v. State,* 598 So.2d 149 (Fla. 2d DCA 1992).

Petitioner filed the instant case on August 12, 1992, raising four grounds for relief: (1) conviction obtained by action of a grand jury or petit jury that was unconstitutionally selected and impaneled, (2) denial of effective assistance of counsel, (3) denial of a proposed jury instruction, and (4) prosecutorial misconduct.

Respondent admits that Petitioner has exhausted his state remedies.

## I. JURY WAS UNCONSTITUTIONALLY SELECTED

■ Petitioner's first ground for relief is that the jury was unconstitutionally selected because no blacks served on the jury, and, therefore, that the jury was not a fair cross section of the community. However, this issue can not be reviewed because Petitioner is procedurally barred from raising this ground in this Court because he did not raise it on appeal. This circuit, in *Johnson v. Singletary,* 938 F.2d 1166, 1173 (11th Cir. 1991) (citing *Harris v. Reed,* 489 U.S. 255, 263, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989)), held that: "[f]ederal review of a petitioner's claim is barred by the procedural default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar ... and that bar provides an adequate and independent state ground for denying relief." *See Coleman v. Thompson,* —— U.S. ——, ——, 111 S.Ct. 2546, 2551, 115 L.Ed.2d 640 (1991); *McCoy v. Newsome,* 953 F.2d 1252 (11th Cir.1992); *cf. Breedlove v. Singletary,* 595 So.2d 8, 9 (Fla.1992) ("Habeas corpus is not a second appeal and cannot be used to litigate or relitigate issues which could have been, should have been, or were raised on direct appeal.")

In the instant case, Petitioner failed to allege a claim of unconstitutional jury selection on direct appeal. The circuit court in Pinellas County, in response to Petitioner's December 5, 1991, Motion for Post–Conviction Relief held: "Defendant's first ground states that his conviction was obtained by action of a grand or petit jury which was unconstitutionally selected or impanelled. Defendant is not entitled to relief, as this issue could have been, or should have been brought on appeal."

Because Petitioner failed to allege an unconstitutional jury selection on appeal, and because the last state court to review Petitioner's claim stated clearly and expressly that its judgment rested on a procedural bar, federal review of the claim is barred.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

■ In his second ground for relief, Petitioner lists five circumstances in which he

contends his defense counsel, Morris Bornstein, was ineffective. In evaluating claims for ineffectiveness of counsel, the defendant must meet the two-pronged test set forth by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

In *Strickland,* the court held that a Petitioner must establish that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Id.* 466 U.S. at 687, 104 S.Ct. at 2064. Prejudice exists when, "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome ..." *Id.* at 694, 104 S.Ct. at 2068. The standard for performance of counsel is that of reasonably effective assistance in light of all the circumstances. *Id.* at 689, 104 S.Ct. at 2065.

The reviewing court must judge the reasonableness of counsel's conduct on the facts of the particular case. *Id.* at 690, 104 S.Ct. at 2066. There exists a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. at 2065. Moreover, this circuit has held that effective assistance does not mean errorless assistance and that counsel's performance must be judged in light of the entire record rather than on specific acts. *Green v. Zant,* 738 F.2d 1529, 1536 (11th Cir.1984).

The defendant must identify the acts or omissions that fell outside the range of reasonable professional assistance, and the court must then determine whether, in light of all the circumstances, the acts or omissions were outside the range of professionally competent assistance. *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066.

Petitioner contends that counsel failed to investigate the case against petitioner and to call witnesses who would have testified that they saw Petitioner and the victim, Sabrina Wingfield, "touching and kissing." However, counsel did call Sandra Anthony, Petitioner's sister, who testified that she saw Petitioner and the victim "touching, feeling one another." (R–87). Sandra Anthony further testified that "[Petitioner] would tell [Sandra Anthony] when [Petitioner and the victim] had sex and when he'd see her." (R–89) Counsel also called Carolyn Anthony, Petitioner's sister, who testified that she was best friends with the victim and that she saw Petitioner kiss the victim. (R–104) This testimony contradicted the victim's testimony that she had never acted in an affectionate way toward Petitioner. (R–42) Calling additional witnesses to testify to the same acts would have been cumulative. Therefore, counsel's actions did not constitute ineffective assistance of counsel.

Petitioner claims counsel failed to call Leon Nettles, the father of the victim's baby, to establish that Nettles "knew of a sexual relationship between petitioner and [the victim], and that [Nettles] once wanted to harm Petitioner." Nettles' testimony would allegedly show Nettles' violent nature, advancing Petitioner's theory of defense, which Mr. Bornstein articulated to the court:

> Our contention is the reason [the victim] accused our client of sex battery was because on the night in question she feared that Leon was coming up the driveway, ready to come into the house, and that she fabricated this in order to avoid, to solidify her relationship with Leon and to avoid another assault. (R–110)

Counsel elicited testimony from the victim that Nettles was a jealous man who on previous occasions had physically assaulted her. (R–46, 47) The victim also testified that she had called the police on at least one prior occasion because Nettles had tried to choke her. Nettles' violent nature was established by defense counsel. Not calling Nettles as a hostile witness, to testify to facts that the victim had already admitted, was a tactical decision, and did not constitute ineffective assistance of counsel.

Petitioner argues that counsel failed to call Margret Ann, who allegedly could have testified that she never told the victim that Petitioner had a large penis, demonstrating that the only way the victim could have known Petitioner had a large penis was

by her alleged prior sexual involvement with Petitioner. The victim, however, testified that she had heard on more than one occasion that Petitioner had a large penis. (R–46) Therefore, proving that one particular person did not tell her so is not dispositive of whether petitioner had prior sexual relations with the victim. Consequently, counsel's decision not to call Margret Ann as a witness did not constitute ineffective assistance of counsel.

Without specifying a particular issue or statement, Petitioner alleges counsel failed to lay a predicate and impeach the victim's testimony. The trial transcript shows that counsel did impeach the victim when she said she had not previously discussed the size of Petitioner's penis with him. (R–43)

■ Finally, Petitioner contends that trial counsel failed to properly use a medical report to show the victim had no physical signs of trauma or sexual assault. This argument is without merit because counsel called the examining doctor who testified that there was no physical evidence or signs of trauma or sexual assault. (R–77–83) Thus, any error committed by counsel did not prejudice Petitioner because the same evidence was entered into the record from another source.

In reviewing the trial transcript and all supporting documents, this court finds that counsel's performance was not deficient, and did not prejudice Petitioner's defense.

### III. TRIAL COURT ERRED IN DENYING PETITIONER'S PROPOSED JURY INSTRUCTION

Petitioner alleges that the trial court erred in denying Petitioner's proposed jury instructions on (1) sexual battery, and (2) burglary.

In *United States v. Alvarez–Moreno*, 874 F.2d 1402, 1413 (11th Cir.1989) (citing *United States v. Lively*, 803 F.2d 1124, 1126 (11th Cir.1989)), this circuit held that a trial court has discretion in framing the jury instructions; if the charge to the jury adequately represents the substance of the instruction requested, then there is no reversible error.

■ On the first issue of sexual battery in the instant case, Petitioner alleges that the court erred in not allowing the use of Petitioner's Proposed Jury Instruction #1, which stated:

The Defendant is relying upon the defense of consent in this case. In order to find the Defendant guilty of the offense of sexual battery, you must find, beyond and to the exclusion of any reasonable doubt, that the act was committed without the consent of Sabrina Wingfield. If you have any reasonable doubt as to whether Sabrina Wingfield may have consented to engaging in a sexual act with the Defendant, you must find the Defendant not guilty of the charge of sexual battery,

and Petitioner's Proposed Jury Instruction #1A, which stated, "You are further instructed that consent to a sexual act may be actual or implied."

The court rejected Petitioner's proposed instructions and instructed the jury with detailed instructions that reflected the essence of the defendant's proposed instructions. The court defined sexual battery with a deadly weapon, sexual battery without a deadly weapon, and battery. The court also defined "weapon" and "consent", explaining that consent does not include coerced submission. In the instant petition, the court's jury instructions adequately represented the substance of the instruction requested.

■ On the second issue of burglary in the instant case, Petitioner alleges that the court erred in not allowing the use of Petitioner's Proposed Jury Instruction #2, which stated:

With respect to the charge of burglary, you are instructed that if you have any reasonable doubt as to whether Sabrina Wingfield consented to the Defendant's entry into or remaining in her residence, you must find the Defendant not guilty of the charge of armed burglary.

The court rejected Petitioner's proposed instructions and instructed the jury with detailed instructions that reflected the essence of Petitioner's proposed instructions. The court defined burglary, aggravated burglary, and trespass, explaining that authority need not be given in express words. The court also gave detailed instructions on the mean-

ing of the terms "intent", "assault", "willfully", and "reasonable doubt."

During deliberations, the jury asked the court for a clarification on the difference between burglary and trespass. The court proposed an instruction indicating that the first and second elements are the same for both burglary and trespass, and that the distinction is in the third element of intent. After conferring, defense had no objection to the court's proposal. On the second issue, then, the court's jury instructions not only adequately represented the substance of the instruction requested, but were also approved by the defense before charged to the jury.

## IV. PROSECUTORIAL MISCONDUCT

■ Petition further alleges that the prosecutor erred when he said to Petitioner during cross-examination on Petitioner's testimony, "As a matter of fact, as far as all these witnesses testifying, you're the only one who sat through and heard everybody's testimony." Petitioner contends that the statement was a denial of his due process right and that it left the jury wondering why Petitioner was allowed to hear everyone's testimony. Petitioner also claims that the statement prejudiced the jury because it is Petitioner's constitutional right to confront all witnesses.

■ This circuit clearly holds that prosecutorial misconduct may be rendered harmless by curative instructions to the jury. *United States v. Herring,* 955 F.2d 703, 710 (11th Cir.1992). The test is whether the prosecutor's comments or misconduct "was so pronounced and persistent that it permeates the entire atmosphere of the trial." *Id.* (citing *United States v. McLain,* 823 F.2d 1457, 1462 (11th Cir.1987)).

In the instant case, Petitioner was not denied the right to confront a witness. Furthermore, the court cured the misstatement with an instruction to the jury clarifying Petitioner's right to be present during the entire trial. The trial court instructed the jury:

Ladies, I don't want you to think ... that there is anything wrong with this person

sitting in court during the course of the trial ... that's his right guaranteed by the constitution, being allowed to sit during the course of the trial and hear what witnesses say against him ... there's nothing wrong with that.

In summary, Petitioner's claim of unconstitutional jury selection is not properly before this Court. Furthermore, Petitioner has not met his burden of establishing ineffective assistance of counsel, prosecutorial misconduct, or reversible error by the refusal of his proposed jury instruction. Therefore, it is the conclusion of this Court that this Petition must be dismissed. Accordingly, it is

ORDERED that the Petition for Writ of Habeas Corpus is dismissed with prejudice; it is further

ORDERED that the Motion for an Evidentiary Hearing Ad Testificandum is denied.

DONE AND ORDERED.