PER CURIAM.
We treat appellant’s notice of appeal as a petition for habeas corpus seeking a belated appeal pursuant to Florida Rule of Appellate Procedure 9.140®- We grant appellant’s petition for a belated appeal.
Appellant contends the trial court erred when it denied his petition for habeas corpus wherein he claimed ineffective assistance of trial counsel. We affirm. The trial court correctly concluded that claims of ineffective assistance of trial counsel are not cognizable in a petition for habeas corpus and should have been brought in a motion for post-conviction relief pursuant to rule 3.850, Florida Rules of Criminal Procedure. See Breedlove v. Singletary, 595 So.2d 8,10 (Fla.1992). Additionally, the trial court correctly concluded that a two-year time limit for fifing a motion to rule 3.850 had expired and that appellant had failed to allege, a valid exception to the limitations. See Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995); see also Howarth v. State, 673 So.2d 580 (Fla. 5th DCA), rev. denied, 680 So.2d 422 (Fla.1996). Accordingly, we affirm the trial court’s order denying appellant’s petition for writ of habe-as corpus.
AFFIRMED.
DELL, POLEN and STEVENSON, JJ., concur.