700 So.2d 1247 (1997)
Walter TORRES, Appellant,
v.
STATE of Florida, Appellee.
No. 97-438.
District Court of Appeal of Florida, Fifth District.
October 24, 1997.
Walter Torres, Quincy, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Roberta J. Tylke, Assistant *1248 Attorney General, Daytona Beach, for Appellee.

ON MOTION TO DISMISS
THOMPSON, Judge.
Walter Torres, an inmate in the Department of Corrections, appeals the denial of his motion for violation of probation hearing and his motion for appointment of counsel. In his motion for violation of probation hearing, Torres alleged that an Orange County circuit judge issued a warrant for violation of probation on 13 October 1995, but that no hearing has been held. Since he has finished all other sentences imposed, he alleged, the violation of probation warrant was preventing his release from DOC. The state contends that the order denying Torres' motion is neither a final judgment adjudicating guilt nor an order revoking or modifying probation, and that therefore this appeal is not cognizable under Florida Rule of Appellate Procedure 9.140. We agree.
The proper procedure is for Torres to petition the circuit court in the Second Judicial Circuit for a writ of habeas corpus, since he is incarcerated in the Quincy Correctional Institution. Only the circuit court within the county where he is incarcerated has jurisdiction. § 79.09, Fla. Stat. (1995); Alachua Regional Juvenile Detention Center v. T.O., 684 So.2d 814 (Fla.1996); Baggett v. Wainwright, 229 So.2d 239 (Fla.1969); Gaffney v. State, 681 So.2d 1211 (Fla. 5th DCA 1996). We dismiss the appeal without prejudice to Torres' filing a petition for writ of habeas corpus in the Second Judicial Circuit.
DISMISSED without prejudice.
COBB and ANTOON, JJ., concur.