704 So.2d 151 (1997)
Abraham McLEROY, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2544.
District Court of Appeal of Florida, Fifth District.
December 5, 1997.
Rehearing Denied January 20, 1998.
Abraham McLeroy, South Bay, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.

ON MOTION TO DISMISS
THOMPSON, Judge.
Abraham McLeroy appeals from the denial of his petition for writ of habeas corpus by the circuit court of the Fifth Judicial Circuit. *152 We dismiss this appeal because the circuit court had no jurisdiction to hear the petition. The proper jurisdiction for this case was in the circuit court of the Eleventh Judicial Circuit. Calloway v. State, 699 So.2d 849 (Fla. 3d DCA 1997).
After his jury trial ended in a mistrial, McLeroy entered a plea of nolo contendere to second-degree murder in Dade County. McLeroy never appealed his conviction and sentence but did file two post-trial motions which were denied by the trial court and affirmed per curiam by the Third District Court of Appeal. See McLeroy v. State, 684 So.2d 1367 (Fla. 3d DCA 1996); McLeroy v. State, 666 So.2d 155 (Fla. 3d DCA 1996).
McLeroy filed his petition for writ of habeas corpus with the circuit court of the Fifth Judicial Circuit because he was incarcerated in Sumter County. The trial court denied the petition finding that the issues raised in the petition should have been raised on direct appeal or in a 3.850 postconviction motion. Further, citing State v. Broom, 523 So.2d 639 (Fla. 2d DCA 1988) appeal dismissed, 545 So.2d 1366 (Fla.1989), the trial court held that it did not have jurisdiction to "review the legality of a conviction from another circuit." We agree.
Generally, a petition for writ of habeas corpus should be filed in the jurisdiction where the petitioner is incarcerated. See § 79.01, Fla. Stat. (1995). However, petitions for writ of habeas corpus which allege ineffective assistance of counsel are properly filed in the court where the original sentence was imposed. Calloway. Therefore, McLeroy should have filed his petition in the circuit court for the Eleventh Judicial Circuit. To the extent that McLeroy's petition may be considered as a request for a belated appeal, he should consider filing the petition with the Third District Court of Appeal. See Fla. R.App. P. 9.140(j).
DISMISSED.
DAUKSCH and W. SHARP, JJ., concur.