727 So.2d 349 (1999)
Moses GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1902.
District Court of Appeal of Florida, Fifth District.
February 19, 1999.
Moses Green, Raiford, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Turner, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, J.
Green appeals from an order of the trial court denying his petition for a writ of habeas corpus. We affirm.
In 1991, Green (then a juvenile) was charged with second degree murder and armed robbery with a firearm. He pled no contest to the murder charge and the state nol prossed the robbery charge. He was adjudicated as an adult and sentenced to eighteen years in prison, followed by ten years probation.
In 1993 and 1994, Green filed post-conviction relief motions which were summarily denied. One was appealed and affirmed. Green v. State, 626 So.2d 699 (Fla. 5th DCA 1993).
This petition for habeas corpus was filed in 1998. One ground for this petition is the allegation that the trial court erred in accepting his plea without ensuring on the record that he knowingly, voluntarily and intelligently *350 waived his rights as a juvenile under chapter 39. Another ground is that the plea was entered involuntarily.
However, both of these grounds could have and should have been raised pursuant to Florida Rule of Criminal Procedure 3.850(a). Further, this rule has a two year time limit in which to raise such claims. Green cannot escape the two year time limit by recasting his pleading as a petition for a writ of habeas corpus. Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995). Green has far exceeded this time limit, and even if timely, the petition is successive. Mills v. Dugger, 574 So.2d 63 (Fla.1990); Johnson v. State, 680 So.2d 1101 (Fla. 5th DCA 1996); Mason v. State, 627 So.2d 1352 (Fla. 5th DCA 1993).
Rule 3.850 recognizes three exceptions to the time limita sentence that exceeds the limits provided by law, where the facts on which the claim is predicated were unknown and could not have been ascertained by the exercise of due diligence, and where the fundamental constitutional right asserted was not established within the period provided, and the right applies retroactively. Fla. R.Crim. P. 3.850(b). But Green's claims in this case do not fit within any of these exceptions. See Foster v. State, 614 So.2d 455 (Fla.1992), cert. denied, 510 U.S. 951, 114 S.Ct. 398, 126 L.Ed.2d 346 (1993).
AFFIRMED.
PETERSON and ANTOON, JJ., concur.