PER CURIAM.
A1 Jerome Carter’s petition for writ of habeas corpus for belated appeal is denied.
Carter was convicted after jury trial of second-degree murder with firearm, and was sentenced to life with three-year mandatory minimum for the firearm. Carter filed a timely appeal, and this court affirmed without opinion. Carter subsequently filed two postconviction relief motions. This court affirmed denial of relief. Carter now asserts that his appellate counsel was ineffective for failing to raise the following four issues on direct appeal:
1. The trial court failed to hold a Neil inquiry to determine whether all African American jurors were excused for race-neutral reasons;
2. Whether defendant’s absence from “critical stages” of proceedings violated *1044 the mandate of Coney v. State, 653 So.2d 1009 (Fla.1995);
3. Whether the effect of the police officer testifying was impermissible bolstering of witness testimony; and
4. Whether the trial court erred when it allowed into evidence a taped confession made by the defendant in violation of Miranda.
Carter must first establish that appellate counsel’s performance was deficient in that counsel’s alleged omissions were of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance. Carter has not shown this. Second, Carter must establish that he was prejudiced because counsel’s deficiency compromised the appellate process to such a degree as to undermine confidence in the correctness of the result. See Rutherford v. Moore, 774 So.2d 637, 643 (Fla.2000). Carter has not alleged any specific prejudice. The burden is on Carter to allege specific, serious omissions concerning issues which are errors affecting the outcome of the appeal and not merely harmless error. See Freeman v. State, 761 So.2d 1055, 1069 (Fla.2000). Carter has made only general assertions of trial court error.
Regarding Carter’s first claim of error, he has failed to name specific jurors, has failed to state what circumstances in choosing the venire might be deemed race biased, but instead asserts that the trial court in general erred in the selection of all African-American jurors. In his second claim of error, Carter fails to state from what “critical stages” of his trial he was allegedly excluded. Regarding his third issue, Carter fails to cite with particularity any specific police testimony or prejudice arising from the same. And finally, in his fourth claim, Carter does not assert that he was not Mirandized when he made his confession and does not explain why the court erred by allowing his taped confession into evidence.
The issues here raised, under the guise of ineffective appellate counsel, are issues that Carter had every chance to raise as ineffective assistance of trial counsel through a timely post-conviction relief petition. Carter is now foreclosed from relief, as he is outside of the two-year window for such. Fla. R.Crim. P. 3.850.
Petition for habeas corpus belated appeal denied.