859 So.2d 1244 (2003)
Calvin D. COLLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-943.
District Court of Appeal of Florida, Fifth District.
November 14, 2003.
Calvin D. Collins, Jesup, GA, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
*1245 SAWAYA, C.J.
Calvin Collins, an inmate in a Georgia correctional facility, is a prolific filer of inappropriate motions for postconviction relief. His most recent of these is a pro se Petition for Writ of Habeas Corpus, which the trial court denied. Having reviewed the briefs and the record, we affirm the order denying Collins' petition for the reasons hereinafter expressed.
After he pled guilty to possession of cocaine in February 1996, Collins was sentenced to five years' probation. He made no direct appeal. The first of his postconviction motions reviewed by this court was an untimely rule 3.850 motion that had been denied by the trial court. After this court affirmed the denial of the first motion, Collins, undeterred, filed a Motion to Arrest Judgment pursuant to rule 3.610, which was dismissed as improper and untimely. Collins subsequently filed a Petition for Writ of Error Coram Nobis, the denial of which was per curiam affirmed by this court. Thereafter, Collins filed the petition that we now review, ostensibly reasserting that his trial counsel was ineffective and that his plea was involuntarily entered.
The State contends that because Collins is incarcerated in Georgia, the trial court had no alternative but to deny the petition.[1] Habeas corpus proceedings are intended to test the legality of the petitioner's detention and to secure his or her release if it is determined that the detention is illegal. Sneed v. Mayo, 66 So.2d 865, 869 (Fla.1953); Smith v. Kearney, 802 So.2d 387 (Fla. 4th DCA 2001); see also Cole v. State, 714 So.2d 479, 492 (Fla. 2d DCA 1998). To fulfill the intended purpose of habeas corpus proceedings, the courts have held that "[i]f a prisoner files a habeas corpus petition in circuit court, the petition must be filed in the circuit court of the county in which the prisoner is detained." Alachua Reg'l Juvenile Det. Ctr. v. T.O., 684 So.2d 814, 816 (Fla.1996) (citing § 79.09, Fla. Stat. (1995); Ruiter v. Wainwright, 249 So.2d 67 (Fla. 2d DCA 1971)). "Moreover, the proper respondent in a habeas corpus petition is the party that has actual custody and is in a position to physically produce the petitioner." T.O., 684 So.2d at 816 (citations omitted). Hence, the general rule is that the circuit court where the defendant is incarcerated has jurisdiction to grant a writ of habeas corpus. T.O.; Perkins v. State, 766 So.2d 1173, 1175 (Fla. 5th DCA 2000) ("Although a petition for habeas corpus must be filed with the clerk of the court in the county where the defendant is detained, the requirement was met in this case.") (citations omitted); Torres v. State, 700 So.2d 1247 (Fla. 5th DCA 1997).
There is, however, an exception to this general rule. When a petitioner attacks the validity of the conviction by raising issues relating to the trial or to the propriety of a plea, jurisdiction in habeas proceedings lies with the trial court that imposed the sentence and rendered the judgment of conviction. See Sheriff v. Moore, 781 So.2d 1146 (Fla. 1st DCA 2001); Frederick v. State, 714 So.2d 1043, 1043 (Fla. 4th DCA) ("Habeas petitions directed to trial issues must be brought in the circuit court for the county where the trial occurred."), review denied, 728 So.2d 201 (Fla.1998); McLeroy v. State, 704 So.2d 151 (Fla. 5th DCA 1997); Leichtman v. Singletary, 674 So.2d 889 (Fla. 4th DCA 1996); see also McLevy v. State, 787 So.2d 194 (Fla. 1st DCA 2001). The instant case *1246 comes within this exception. Because Collins takes issue with the voluntariness of his plea and the effectiveness of his trial counsel, the trial court did have jurisdiction to hear the petition. McLeroy, 704 So.2d at 152 ("[P]etitions for writ of habeas corpus which allege ineffective assistance of counsel are properly filed in the court where the original sentence was imposed.").
Having determined that the trial court did have jurisdiction to hear Collins' petition, well established general principles lead us to conclude that the order denying Collins' petition must be affirmed. Claims that a plea was involuntary or that trial counsel rendered ineffective assistance are issues that may now more appropriately be raised in a motion under Florida Rule of Criminal Procedure 3.850. Prior to adoption of this rule, habeas corpus was the primary procedural device to challenge the validity of a sentence or judgment of conviction. Adoption of the rule superseded habeas corpus as the method to collaterally attack a sentence or judgment of conviction. Leichtman; see also Wright v. State, 857 So.2d 861, 874 (Fla.2003) ("Habeas corpus should not be used as a vehicle for presenting issues which should have been raised at trial and on appeal or in postconviction proceedings."). Rule 3.850(h) specifically provides:
An application for writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this rule shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court that sentenced the applicant or that the court has denied the applicant relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of the applicant's detention.
Therefore, claims cognizable under rule 3.850, such as ineffective assistance of trial counsel and the involuntariness of a plea, are generally not appropriate for habeas corpus proceedings. Thompson v. State, 759 So.2d 650, 668 n. 13 (Fla.2000); Breedlove v. Singletary, 595 So.2d 8 (Fla.1992); Green v. State, 727 So.2d 349 (Fla. 5th DCA 1999); King v. State, 695 So.2d 1299 (Fla. 4th DCA 1997); Leichtman; Finley v. State, 394 So.2d 215, 216 (Fla. 1st DCA 1981) ("[T]he remedy of habeas corpus is not available as a substitute for post-conviction relief under Rule 3.850 Fla. R.Crim. P."); see also Williams v. State, 840 So.2d 439 (Fla. 5th DCA 2003); Carter v. State, 824 So.2d 1043 (Fla. 3d DCA 2002); Bryant v. State, 780 So.2d 978 (Fla. 5th DCA), review denied, 791 So.2d 1095 (Fla.2001). Collins has not alleged that based on the claims raised in his petition, a motion under rule 3.850 would be inadequate to test the legality of his detention.[2]
The courts generally agree that habeas corpus proceedings may not be used to provide the petitioner with an additional appeal regarding issues or claims that could have been or were raised on appeal or in a rule 3.850 motion. Hunter v. State, 817 So.2d 786 (Fla.2002); Hildwin v. Dugger, 654 So.2d 107 (Fla.), cert. denied, 516 U.S. 965, 116 S.Ct. 420, 133 L.Ed.2d 337 (1995); Breedlove; Suarez v. Dugger, 527 So.2d 190 (Fla.1988); Dennis v. State, 769 So.2d 511 (Fla. 5th DCA 2000); Pinder v. State, 779 So.2d 309 (Fla. 2d DCA 1999), review denied, 762 So.2d 917 (Fla.2000). *1247 Moreover, a petition for writ of habeas corpus may not be used to circumvent the time limitations for filing an appropriate motion for postconviction relief. Carter; Bryant; Green; Shavers v. State, 723 So.2d 371 (Fla. 4th DCA 1998), review denied, 744 So.2d 456 (Fla.1999), and cert. denied, 528 U.S. 1172, 120 S.Ct. 1198, 145 L.Ed.2d 1102 (2000).
Here, Collins pled guilty, was sentenced, and chose not to avail himself of his right to appeal.[3] Collins also had the right and opportunity for postconviction relief under rule 3.850 following his conviction, but he failed to timely file an appropriate motion under the rule. Collins has instead, beginning with the untimely rule 3.850 motion, presented a string of improper motions in an unrelenting attempt to improperly collaterally attack his conviction and sentence. Because the issues Collins has raised in his petition are issues that he had every chance to raise in a timely postconviction relief motion, and because he is outside of the two-year window of rule 3.850, Collins is now foreclosed from relief.[4]Carter.
AFFIRMED.
PALMER and TORPY, JJ., concur.
NOTES
[1] We note, parenthetically, that the proper disposition of a petition filed in a court without jurisdiction to hear it is dismissal rather than denial on the merits as the State seems to suggest.
[2] The courts typically applied the provisions of the last clause of rule 3.850(h) to instances where the petitioner properly alleged the basis for a belated appeal. See Williams v. State, 777 So.2d 947 (Fla.2000); Steele v. Kehoe, 747 So.2d 931 (Fla.1999). Pursuant to Williams and Steele, rules 3.850(b) and (g) have been amended to include provisions for belated appeals. Collins is not alleging here any basis for a belated appeal.
[3] Because Collins entered a guilty plea, the matters that Collins could have raised in a direct appeal were limited by Florida Rule of Appellate Procedure 9.140(b)(2). A claim that a plea was involuntary, if properly preserved by a motion to withdraw the plea, is, however, one of the matters that may be raised by direct appeal even though a guilty plea was entered. Fla. R.App. P. 9.140(b)(2)(A)(ii)c. Nevertheless, Collins did not pursue this avenue of relief.
[4] Collins has not alleged the limited exceptions to the two-year time limit under rule 3.850(b).