PER CURIAM.
This is an appeal from the denial of a petition for writ of habeas corpus, challenging the incarceration of Appellant/Petitioner Jose Renato Bermudez following a conviction for DUI/Manslaughter. We affirm.
Bermudez was arrested on June 10,1997 on a DUI/Manslaughter charge. He was found guilty by a jury and sentenced to seventeen years imprisonment. Bermudez filed a pro se appeal, and this court affirmed his conviction. Bermudez v. State, 744 So.2d 1008 (Fla. 3d DCA 1999). Bermudez, thereafter, filed a Motion to Correct Sentencing Error which was denied by the trial court, and affirmed on appeal. Bermudez v. State, 796 So.2d 627 (Fla. 3d DCA 2001).
On August 7, 2003, Bermudez filed a Petition for Writ of Habeas Corpus, claiming (1) that his Fourth Amendment rights were violated when the police drew blood from him without first arresting him, as required by section 316.1932, Florida Statutes (1997),[1] and (2) that, based on his counsel’s failure to raise the above point, he had been denied his rights to effective counsel and due process. The trial court denied the petition, finding that it failed to state a prima facie case for relief. Ber-mudez appeals.
The issues Bermudez raises in his petition could have, and should have, been raised in a Rule 3.850 motion for post-conviction relief. Such motions must be filed within two years after the judgment and sentence become final. See Fla. R.Crim. P. 3.850(b). A criminal defendant may not escape this two-year limit for 3.850 motions by styling a pleading as a *877 petition for writ of habeas corpus. Green v. State, 727 So.2d 349, 350 (Fla. 5th DCA 1999); see also Patterson v. State, 664 So.2d 31, 32 (Fla. 4th DCA 1995) (affirming denial of petition for habeas corpus where it was apparent defendant was merely seeking untimely motion for 3.850 relief). Bermudez’s first appeal became final in November 1999. He filed his petition for writ of habeas corpus in August 2003, long after the two-year limit had expired. Therefore, Bermudez’s claims are time-barred.
Bermudez, however, claims that he has a right to habeas corpus relief under Bousley v. United States, 523 U.S. 614, 620, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (stating that one of the “principal functions of habeas corpus [is] ‘to assure that no man has been incarcerated under a procedure which creates an impermissibly large risk that the innocent will be convicted.’ ”). Bermudez’s petition, however, does not allege that he is factually innocent, but rather that probative evidence used to incriminate him, i.e., blood used to test his blood alcohol level, was illegally seized. The trial court was therefore correct in declaring that Bermudez’s petition fails to state a prima facie case for relief.
For the above reasons, we affirm.

. The statute provides, in pertinent part:
Any person who accepts the privilege extended by the laws of this state of operating a motor vehicle within this state is, by so operating such vehicle, deemed to have given his or her consent to submit to an approved chemical test or physical test ... for the purpose of determining the alcoholic content of his or her blood or breath ... if the person is lawfully arrested for any offense allegedly committed while the person was driving or was in actual physical control of a motor vehicle while under the influence of alcoholic beverages.... § 316.1932, Fla. Stat. (1997) (emphasis added).