SAWAYA, C.J.
Brian Tooley appeals the order denying his petition for writ of habeas corpus. The issue we must resolve is whether the trial court had jurisdiction to deny the petition. We conclude that it did not.
The petition filed by Tooley challenges the inclusion of 42 victim injury points on his sentencing scoresheet, arguing that he received a higher sentence than he should have because the victim injury points were erroneously calculated. While this constitutes Tooley’s third challenge to the amount of victim injury points included on his scoresheet, it is his first habeas corpus petition.[1] The problem arises because Tooley, an inmate in the Apalachee Correctional Institution located in the Fourteenth Judicial Circuit, filed his petition in the circuit court in the Seventh Judicial Circuit. The circuit court in the Seventh Judicial Circuit correctly determined that it did not have jurisdiction to decide the petition. See Collins v. State, 859 So.2d 1244, 1245 (Fla. 5th DCA 2003) (stating that “the general rule is that the circuit court where the defendant is incarcerated has jurisdiction to grant a writ of habeas corpus.”) (citations omitted). Rather than dismiss the petition for lack of jurisdiction, the trial court improperly denied the petition on the merits. Because the trial court lacked jurisdiction to determine the merits of Tooley’s petition, we reverse the order under review and remand this case to the trial court to enter an order of dismissal. This will allow Tooley to re-file his petition in the correct circuit.
REVERSED and REMANDED.
SHARP, W. and PLEUS, JJ., concur.

. See Tooley v. State, 853 So.2d 432 (Fla. 5th DCA 2003); Tooley v. State, 826 So.2d 320 (Fla. 5th DCA 2002).