PALMER, J.
Leonard Luckey (defendant) appeals the trial court’s order denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm and comment only on one of the defendant’s arguments.
The defendant argues that his appointed postconviction counsel was ineffective in failing to file an amended claim within the time period allowed by the trial court under Spera v. State, 971 So.2d 754 (Fla.2007). The proper procedural vehicle to raise such an argument is not an appellate claim of ineffective assistance of postcon-viction counsel, but instead, a petition for writ of habeas corpus filed in the trial court in which the defendant was convicted. See Steele v. Kehoe, 747 So.2d 931 (Fla.1999) (holding that where postconviction counsel agrees to file a rule 3.850 motion, defendant has a due process right *424 that counsel do so timely; holding that proper remedy for counsel’s failure to do so is a habeas corpus petition in the trial court); Steele v. Kehoe, 724 So.2d 1192 (Fla. 5th DCA 1998) (stating that this right that counsel timely file applies in context of either retained or appointed counsel); Collins v. State, 859 So.2d 1244, 1245 (Fla. 5th DCA 2003) (holding that habeas corpus petition relating to validity of conviction must be filed in circuit court where petitioner was convicted).
AFFIRMED.
SAWAYA and JACOBUS, JJ., concur.