DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSE M. RAFAEL,**
Appellant,

v.

**MICHAEL D. CREWS,** Secretary, Department of Corrections and
**PAMELA JO BONDI,** Attorney General,
Appellees.

No. 4D14-2409

[January 7, 2015]

Appeal of non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Catherine M. Brunson, Judge; L.T. Case No. 502014CA004693XXXXMB.

Jose M. Rafael, South Bay, pro se.

No appearance for appellee.

PER CURIAM.

Jose Rafael appeals pro se the non-final Order Transferring Petition for Habeas Corpus to the Twentieth Judicial Circuit. Because appellant's petition for habeas corpus relief is unauthorized as a means to relitigate issues which could have been or were raised on appeal or in a Rule 3.850 postconviction motion, the trial court should have dismissed the instant petition as unauthorized.

Appellant was convicted of possession of heroin and sentenced by the circuit court in the Twentieth Judicial Circuit to a mandatory minimum of twenty-five years in prison. In 2007, he appealed the judgment to the Second District Court of Appeal, and the court affirmed the judgment.

In 2012, appellant filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. In the motion, appellant alleged that the Twentieth Circuit Court lacked jurisdiction over his case. The motion was dismissed as untimely because it was filed beyond the two-year time limit under Rule 3.850. Appellant appealed the dismissal, which was affirmed by the Second District.

Appellant filed a Petition for a Writ of Habeas Corpus in the Twentieth Judicial Circuit Court alleging that the court lacked jurisdiction to convict and sentence him. The circuit court dismissed the petition on the grounds that it lacked jurisdiction to issue the writ because appellant was not detained within the jurisdiction of the court. At the time, appellant was incarcerated at South Bay Correctional Facility, which is within the jurisdiction of the Fifteenth Judicial Circuit. The Twentieth Judicial Circuit Court also determined that appellant was attempting to collaterally attack his prior conviction. The Second District affirmed the dismissal.

Appellant subsequently filed a Petition for a Writ of Habeas Corpus in the Fifteenth Judicial Circuit. In the petition, appellant alleged that the Twentieth Judicial Circuit lacked jurisdiction and imprisoned him for a crime for which he was not charged. He claimed that the court lacked jurisdiction to convict and sentence him because his name was listed on the caption of the information but not within the body of the information. The Fifteenth Judicial Circuit transferred the petition to the Twentieth Judicial Circuit. Appellant filed a Motion to Rescind the Order Transferring the Petition for Writ of Habeas Corpus.

The trial court treated the Motion to Rescind the Order as a Motion for Reconsideration and denied it. It ruled that appellant's third challenge to his conviction must be raised in a petition for post-conviction relief and filed with the trial court that imposed the judgment and sentence. Appellant timely appealed.

"Habeas corpus proceedings are intended to test the legality of the petitioner's detention and to secure his or her release if it is determined that the detention is illegal." *Collins v. State*, 859 So. 2d 1244, 1245 (Fla. 5th DCA 2003) (citations omitted); *see also North v. State*, 217 So. 2d 608, 609 (Fla. 1st DCA 1969) ("[A] habeas corpus action will not lie unless it affirmatively appears that the petitioner is in custody and is entitled to be released from such custody."). However, "habeas corpus is not to be used for additional appeals of issues that could have been or were raised on appeal or in other postconviction motions." *Green v. State*, 975 So. 2d 1090, 1115 (Fla. 2008) (citations omitted); *accord Kuehl v. Bradshaw*, 954 So. 2d 653, 655 (Fla. 4th DCA 2007).

"The remedy of habeas corpus is not available in Florida to obtain the kind of collateral postconviction relief available by motion in the sentencing court pursuant to rule 3.850." *Baker v. State*, 878 So. 2d 1236, 1245 (Fla. 2004). If appellant is entitled to any relief under rule 3.850 of the Florida Rules of Criminal Procedure, the motion for relief must be filed

2

in the court of the county where appellant was sentenced. *Leichtman v. Singletary*, 674 So. 2d 889, 891-92 (Fla. 4th DCA 1996).

Appellant's claim that the circuit court in the Twentieth Judicial Circuit lacked jurisdiction to enter the judgment of conviction and sentence is cognizable under Rule 3.850(a).

Because the remedy of habeas corpus is not available to appellant to obtain the kind of collateral postconviction relief he has sought and continues to pursue, the trial court was not required to transfer appellant's petition to the Twentieth Circuit for consideration in collateral postconviction relief proceedings. Instead, the trial court should have dismissed the petition as unauthorized. *See Baker*, 878 So. 2d at 1245-46.

Accordingly, we remand this case to the trial court with instructions to dismiss the petition as unauthorized.

*Remanded with instructions.*

WARNER, TAYLOR and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***