DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARVIN C. GILL,**
Appellant,

v.

**JULIE JONES,** in her official capacity as secretary of the Florida
Department of Corrections, and **P. SKIPPER,** Warden, Okeechobee
Correctional Institutional,
Appellees.

No. 4D15-3200

[June 1, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit,
Okeechobee County; Gary L. Sweet, Judge; L.T. Case No.
472015CA000019.

Marvin C. Gill, Okeechobee, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and James J. Carney,
Senior Assistant Attorney General, West Palm Beach, for appellees.

CONNER, J.

Marvin Gill appeals the trial court's order transferring his filing, styled
as a petition for habeas corpus, from Okeechobee County, where he is
currently incarcerated, to Pasco County, where he was originally
sentenced.

In his petition for writ of habeas corpus, Gill argued that he was being
illegally detained on double jeopardy grounds, and asked the Okeechobee
court to therefore find that his judgment of conviction was void or illegal.
Gill asserted that the trial court lacked jurisdiction to try and convict him
in a second trial in Pasco County, and that the court violated his right to
be free from double jeopardy. He contended that the verdict was
inconsistent and that he had been previously acquitted of the same offense
in a prior trial.

Having reviewed Gill's petition, the Okeechobee Circuit Court found
that although he styled his action as a petition for habeas corpus seeking

immediate release, Gill raised claims challenging the validity of the judgment and sentence in his Pasco County felony case. Based on the claims raised, the Okeechobee Court determined that it had no jurisdiction to review the legality of a conviction in another circuit and that habeas corpus may not be used to collaterally attack the conviction. The court found that insofar as Gill raised claims challenging the validity of the judgment or sentence in his criminal case, only the court which convicted and sentenced him had jurisdiction to hear those claims via a Florida Rule of Criminal Procedure rule 3.800 or rule 3.850 motion. As such, the court ordered a transfer of the matter to the felony division of the Pasco County Circuit Court.

Gill is correct that, "[i]f a prisoner files a habeas corpus petition in circuit court, the petition must be filed in the circuit court of the county in which the prisoner is detained." *Alachua Reg'l Juvenile Det. Ctr. v. T.O.*, 684 So. 2d 814, 816 (Fla. 1996). However, "[h]abeas corpus proceedings are intended to test the legality of the petitioner's detention and to secure his or her release if it is determined that the detention is illegal." *Rafael v. Crews*, 154 So. 3d 505, 506 (Fla. 4th DCA 2015) (quoting *Collins v. State*, 859 So. 2d 1244, 1245 (Fla. 5th DCA 2003)). "[H]abeas corpus is not to be used for additional appeals of issues that could have been or were raised on appeal or in other postconviction motions." *Id.* (quoting *Green v. State*, 975 So. 2d 1090, 1115 (Fla. 2008)).

This case is similar to our decision in *Rafael*. There, we determined that the remedy of habeas corpus was not available to the defendant to obtain the kind of collateral postconviction relief he sought and continued to pursue, and that the trial court was therefore not required to transfer his petition to the circuit court where he was convicted for consideration in collateral postconviction relief proceedings. *Id.* at 507. Instead, we determined that the trial court should have dismissed the petition as unauthorized. *Id.*

Gill's argument that the Okeechobee Court should have entertained his petition lacks merit. However, as we stated in *Rafael*, the Okeechobee Court was not required to transfer Gill's petition to the Pasco Circuit Court for consideration in collateral postconviction relief proceedings. Instead, the trial court should have dismissed the petition as unauthorized. *Id.* Accordingly, pursuant to *Rafael*, we reverse the trial court's order, and remand this case to the lower court with instructions to dismiss the petition as unauthorized.

*Reversed and remanded with instructions.*

2

WARNER and FORST, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***