Rowe, J.
Alphonso James, Sr., whose judgment and sentence became final in 1990, asserts that the trial court erred when it dismissed his petition for the extraordinary writ of habeas corpus. James sought immediate release from incarceration, based on an alleged defect in the paperwork associated with his imprisonment. Since his convictions were final twenty-eight years ago, James has unsuccessfully challenged his judgment and sentence seven times. This, his eighth time challenging his judgment and sentence, is not the charm.
James is serving a sentence imposed by the Twentieth Judicial Circuit Court in Lee County. He is currently incarcerated in Jackson County, located in the Fourteenth Judicial Circuit. James filed his petition in Jackson County, alleging that he was being illegally detained because the county court judge who signed his commitment paperwork in 1990 was without jurisdiction to commit him to the Department of Corrections.
As the trial court observed, it lacked jurisdiction to rule on James's petition because it was not the court that imposed his conviction and sentence. Leichtman v. Singletary , 674 So.2d 889, 891 (Fla. 4th DCA 1996). And the trial court correctly determined that dismissal, rather than transfer of the petition, was proper. As we have explained:
[D]ismissal, rather than transfer, of a petition for writ of habeas corpus is appropriate when the petitioner seeks "the kind of collateral postconviction relief available through a motion filed in the sentencing court, and which (1) would be untimely if considered as a motion for postconviction relief under rule 3.850, (2) raise claims that could have been raised at trial or, if properly preserved, on direct appeal of the judgment and sentence, or (3) would be considered a second or successive motion under rule 3.850 that either fails to allege new or different grounds for relief that were known or should have been known at the time the first motion was filed."
Zuluaga v. State , 32 So.3d 674, 677 (Fla. 1st DCA 2010) (quoting Baker v. State , 878 So.2d 1236, 1245-46 (Fla. 2004) ).
*354 Here, dismissal was proper because James's petition, if considered a 3.850 motion, was both untimely and successive. The motion was filed twenty-six years after his judgment and sentence became final. See Fla. R. Crim. P. 3.850(a)(3) (imposing a two-year time limit on filing motions under this rule). And James's argument that his commitment paperwork was defective is one that he has raised five times previously in the trial court and on appeal to this Court. See Fla. R. Crim. P. 3.850(h)(2) ; Gill v. Jones , 204 So.3d 459 (Fla. 4th DCA 2016) (holding dismissal, rather than transfer, is appropriate where defendant continued to pursue collateral postconviction relief through petitions for writ of habeas corpus in the wrong court). Accordingly, the trial court did not err in dismissing his petition.
AFFIRMED .
Roberts, Wetherell, and Rowe, JJ., concur.