# Third District Court of Appeal

## State of Florida

Opinion filed September 17, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0709
Lower Tribunal Nos. F17-3115C, F17-3490

_____

**Ladonna Florence,**
Petitioner,

vs.

**Secretary, Department of Corrections, et al.,**
Respondents.


A Case of Original Jurisdiction – Habeas Corpus.

Ladonna Florence, in proper person.

James Uthmeier, Attorney General, for respondents.


Before MILLER, GORDO and BOKOR, JJ.

GORDO, J.

Ladonna Florence ("Florence") petitions this Court for a writ of habeas corpus. It is well settled that "[h]abeas corpus is not a second appeal and cannot be used to litigate or relitigate issues which could have been, should have been, or were raised on direct appeal." Breedlove v. Singletary, 595 So. 2d 8, 10 (Fla. 1992). Further, "habeas corpus may not be used as a substitute for an appropriate motion seeking postconviction relief[.]" Harris v. State, 789 So. 2d 1114, 1115 (Fla. 1st DCA 2001). In her petition, Florence provides conclusory allegations and raises issues that have already been considered and rejected by this Court on direct appeal. Additionally, she raises claims that she previously raised in her motion for post-conviction relief. We therefore deny the petition. See Breedlove, 595 So. 2d at 10 ("Using different grounds to reargue the same issue is . . . improper."); Conahan v. State, 118 So. 3d 718, 734 (Fla. 2013) ("A habeas petition must plead specific facts that entitle the defendant to relief. Conclusory allegations have repeatedly been held insufficient by this Court because they do not permit the court to examine the specific allegations against the record.").

Petition denied.