CARROLL, DONALD K., Judge.
The respondent in a contempt proceeding has appealed from a judgment entered by the Circuit Court for Duval County re-sentencing him pursuant to a mandate of this court.
This case has had a long and varied career in the trial court and the appellate courts. The facts and evidence concerning the respondent’s alleged contempt are set forth in some detail in our opinion rendered in the first appeal to this court in Neering v. State, 141 So.2d 615 (1962), and need not be recounted here. In that appeal we reversed the judgment of contempt providing for imprisonment in the county jail for one year, and remanded the cause “for the imposition of a new sentence not to exceed six months in the county jail.” The respondent then filed in the Supreme Court of Florida a petition for certiorari to review our said decision. The Supreme Court first granted the writ of certiorari and later, in a four-to-three decision, discharged the writ. See Neering v. State, 155 So.2d 874 (1963). In his brief in the present appeal the appellant states that a petition for writ of certiorari “was then filed with the Supreme Court of the United States and it is still presently pending before that Court, on the merits of the conviction only.” The record before us, however, does not reveal what disposition, if any, has been made of that petition by the United States Supreme Court.
In connection with the last-mentioned proceeding, the Supreme Court of Florida on October 7, 1963, entered a stay order, ordering that the execution and enforcement of its said judgment discharging the writ of certiorari, as well as the judgments of our court and the Circuit Court for Duval County, be stayed for 30 days from the date of the stay order, to enable the petitioner, Neering, to have a reasonable time in which to apply for and obtain a review of the said cause by the United States Supreme Court, and, if such proceeding is perfected and filed in the said Supreme Court within the said 30-day period, “that said judgment be further stayed until said proceeding is disposed of by the Supreme Court of the United States or until the further order of this Court.”
*31 As indicated above, however, it is impossible to ascertain definitely from the record before us whether the said stay order is now in effect according to the terms stated therein. In any event, we think that the action which we take in the present appeal is consistent with the stay order, especially since we are instructing the trial court to re-sentence the appellant only after the said stay order is no longer in effect.
Turning our attention now exclusively to the appeal presently before us, we find that, after we remanded the cause in the first appeal “for the imposition of a new sentence not to exceed six months in the county jail” (Neering v. State, 141 So.2d 615) and after the Supreme Court of Florida had discharged the writ of cer-tiorari as aforesaid (Neering v. State, 155 So.2d 874), the Circuit Court, on September 27, 1963, entered its revised judgment of contempt, which is appealed from herein.
In that revised judgment, after reciting the aforesaid actions of this court and the Supreme Court of Florida, the Circuit Court adjudged the present appellant to be “guilty of contempt of this court” and sentenced him to confinement in the Duval County Jail for a period of six months, but giving the appellant credit for the three days of confinement he had served under the original sentence before being released on a supersedeas bond pending appeal. The revised judgment fails to recite, however, that it was entered at a hearing attended by the appellant or his attorney or a hearing of which either of them had been given notice.
In his brief on this appeal the appellant raises and argues six points. The appellant claims in his first point that the six months’ sentence is excessive and constitutes cruel and inhuman punishment condemned by Section 8 of the Declaration of Rights of the State of Florida, F.S.A. and contrary to the dissenting opinion in Neering v. State, 155 So.2d 874. We must hold this point to be without merit in view of the fact that in the former appeal (Neering v. State, 141 So.2d 615) we mandated the Circuit Court to impose a new sentence not to exceed six months in the county jail, and in view of the fact that the Supreme Court of Florida, howbeit by a four-to-three vote, discharged the writ of cer-tiorari directed to our said decision.
The remaining five points raised and argued by the appellant in his brief raise, in substance, the question whether the sentence imposed by the said revised judgment is illegal because the Circuit Court failed to perform the duty required under Section 921.07, Florida Statutes, F.S.A., of informing the appellant of the accusation against him and of the judgment and asking him whether he had any cause to show why sentence should not be pronounced; because the sentence was not imposed in open court, as required by Section 921.05 (2) ; because, contrary to Section 921.13, the court did not give the appellant an opportunity to present evidence of mitigating circumstances; because the sentence was imposed outside of the presence of the appellant; and because the court thereby deprived the appellant of due process of law contrary to Section 12 of the Declaration of Rights of the Florida Constitution and Section 1 of the 14th Amendment to the United States Constitution.
We think that each of these five remaining points raised in this appeal is well taken. This conclusion is reached independently of the fact that the appellee, the State, has, with commendable candor, conceded in its brief filed in this appeal, that “the existing precedent in this state establishes that the defendant should have been present before the court when he was re-sentenced to a six-month period.” We pause in this opinion to express our feeling that, in making concessions of this kind when the law is clear, the Attorney General and his assistants are living up to the highest ideals of his function as the chief legal officer of the State, in keeping with his manifold obligations to the public, to the *32 courts, and to the proper administration of criminal justice under law. •
Both parties to this appeal cite in their briefs the decision of the Supreme Court of Florida in Westberry v. Cochran, 118 So.2d 194 (1960). In that case the original sentence imposed on the petitioner for a writ of habeas corpus was vacated on a certain date in 1959 and on the same day, evidently in accordance with the ruling of the District Court of Appeal for Second District, the trial court entered a sentence for a period within the limitations of the applicable statute for the identical offense, but at the time of this re-sentencing the petitioner was not present in court. The Supreme Court declared that it was of the opinion that the passage of the sentence did not accord with the requirements of Section 921.07, Florida Statutes 1955, F.S. A., and ordered that the petitioner be remanded to the respondent, the director of the Division of Corrections of the State of Florida, to be taken again before the trial court for the imposition of a sentence for the offense of which the petitioner had been adjudged guilty.
Section 921.07, Florida Statutes 1963, F. S.A., which is identical with the statute considered and applied by the Supreme Court in the Westberry case, supra, provides as follows:
“Duty of court before pronouncing sentence. When sentence is to be pronounced, the court shall inform the defendant of the accusation against him and of the judgment and shall ask him whether he has any cause to show why sentence slqould not be pronounced.”
On the basis of the Supreme Court’s decision in the Westberry case, supra, and the statute above-quoted, we hold that the trial court erred in entering the revised judgment appealed from, so the said judgment must be, and it is, reversed, and the cause is remanded with directions to enter a new judgment and sentence in accordance with the views set forth in this opinion and in our opinion rendered in the previous appeal in Neering v. State, 141 So.2d 615, but in no event shall the trial court take the said action rtntil it has definitely ascertained that the above-mentioned stay order entered by the Supreme Court of Florida is no longer in effect.
Reversed and remanded with directions.
STURGIS, C. J„ and RAWLS, J., concur.