HOBSON, Chief Judge.
On March 22, 1965, the defendant-appellant herein was convicted of criminal contempt of circuit court in Hernando County and was sentenced to serve a term of five years in state prison. Thereafter, on August 10, 1966, this court in Thiede v. State, Fla.App.1966, 189 So.2d 490, reversed Thiede’s and Wellington’s sentences and remanded the cause. We quote from page 492 of that opinion:
“The judgment of contempt is reversed as to the sentence imposed and the cause is remanded for the imposition of a new sentence not to exceed one year in the county jail.”
Thereafter, on May 12, 1967, the state’s attorney filed a petition wherein he moved the lower court to reduce said contempt sentence of the defendant, Richard Wellington, to not more than one year in the county jail. At the bottom of this petition there was a pre-prepared order of the circuit court modifying the previous five-year sentence to one year in the county jail. This order was signed May 15, 1967. Neither the defendant nor his attorney were notified of this petition or the resen-tencing until May 16, when the clerk of the circuit court certified that copies had been sent out on that date to the defendant and his attorney. Neither the defendant nor his attorney were present when the modified sentence was imposed.
Thereafter the defendant filed a motion to vacate and set aside the sentence thus imposed, which motion was denied. This appeal then ensued.
Appellant’s point on appeal appeared as follows:
WHERE A NEW SENTENCE FOR CONTEMPT IS IMPOSED PURSUANT TO TPIE MANDATE OF THE APPELLATE COURT BUT NOT IN OPEN COURT IN THE PRESENCE OF THE DEFENDANT AND WITHOUT INFORMING HIM OF THE ACCUSATION AND JUDGMENT AND INQUIRING WHETHER HE HAD CAUSE TO SHOW WHY SENTENCE SHOULD NOT BE PRONOUNCED, SAID SENTENCE WAS IMPROPER *433 AND SHOULD BE REVERSED BECAUSE IT WAS IN VIOLATION OF THE DEFENDANT’S CONSTITUTIONAL AND STATUTORY RIGHTS.
Our decision in this appeal is based upon the holding of our sister court of the First District in Neering v. State, Fla.App. 1964, 164 So.2d 29, wherein Judge Carroll in speaking for the court, stated, beginning at page 31:
“The remaining five points raised and argued by the appellant in his brief raise, in substance, the question whether the sentence imposed by the said revised judgment is illegal because the Circuit Court failed to perform the duty required under Section 921.07, Florida Statutes, F.S.A., of informing the appellant of the accusation against him and of the judgment and asking him whether he had any cause to show why sentence should not be pronounced; because the sentence was not imposed in open court, as required by Section 921.05(2); because, contrary to Section 921.13, the court did not give the appellant an opportunity to present evidence of mitigating circumstances; because the sentence was imposed outside of the presence of the appellant; and because the court thereby deprived the appellant of due process of law contrary to Section 12 of the Declaration of Rights of the Florida Constitution and Section 1 of the 14th Amendment to the United States Constitution.
“We think that each of these five remaining points raised in this appeal is well taken. This conclusion is reached independently of the fact that the ap-pellee, the State, has, with commendable candor, conceded in its brief filed in this appeal, that ‘the existing precedent in this state establishes that the defendant should have been present before the court when he was re-sentenced to a six-month period.’ We pause in this opinion to express our feeling that, in making concessions of this kind when the law is clear, the Attorney General and his assistants are living up to the highest ideals of his function as the chief legal officer of the State, in keeping with his manifold obligations to the public, to the courts, and to the proper administration of criminal justice under law.
“Both parties to this appeal cite in their briefs the decision of the Supreme Court of Florida in Westberry v. Cochran, 118 So.2d 194 (1960). In that case the original sentence imposed on the petitioner for a writ of habeas corpus was vacated on a certain date in 1959 and on the same day, evidently in accordance with the ruling of the District Court of Appeal for Second District, the trial court entered a sentence for a period within the limitations of the applicable statute for the identical offense, but at the time of this re-sentencing the petitioner was not present in court. The Supreme Court declared that it was of the opinion that the passage of the sentence did not accord with the requirements of Section 921.07, Florida Statutes 1955, F.S.A., and ordered that the petitioner be remanded to the respondent, the director of the Division of Corrections of the State of Florida, to be taken again before the trial court for the imposition of a sentence for the offense of which the petitioner had been adjudged guilty.
“Section 921.07, Florida Statutes 1963, F.S.A., which is identical with the statute considered and applied by the Supreme Court in the Westberry case, supra, provides as follows:
“Duty of court before pronouncing sentence. When sentence is to be pronounced, the court shall inform the defendant of the accusation against him and of the judgment and shall ask him whether he has any cause to show why sentence should not be pronounced.’
“On the basis of the Supreme Court’s decision in the Westberry case, supra, and the statute above-quoted, we hold that the trial court erred in entering the *434 revised judgment appealed from, so the said judgment must be, and it is, reversed, and the cause is remanded with directions to enter a new judgment and sentence in accordance with the views set forth in this opinion and in our opinion rendered in the previous appeal in Neering v. State, 141 So.2d 615, but in no event shall the trial court take the said action until it has definitely ascertained that the above-mentioned stay order entered by the Supreme Court of Florida is no longer in effect.
“Reversed and remanded with directions.”
In view of the holding in the Neering case set out above, we hold that the trial court was in error in entering the revised sentence here appealed and hereby reverse the imposition of said sentence with directions to enter a new sentence in accordance with the views set forth herein in the quoted portion of the Neering case, supra.
We find that oral argument would serve no useful purpose and it is therefore dispensed with pursuant to Florida Appellate Rule 3.10, subd. e, 32 F.S.A.
Reversed and remanded .with directions.
LILES and McNULTY, JJ., concur.