PER CURIAM.
The public defender assigned to this case has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and appellant also has filed a pro se brief. We have reviewed the record in accordance with State v. Causey, 503 So.2d 321 (Fla.1987), and have found no reversible error apparent on the face of the record.
The public defender has pointed out several technical sentencing errors which must be corrected, although due to numerous concurrent sentences, the correction of these errors will not result in any practical benefit to appellant. While the court imposed a written sentence, following violation of probation, in case no. 89-583, no sentence was pronounced orally in that case. “Every sentence or other final disposition of the case shall be pronounced in open court.” Fla. R.Crim.P. 3.700(b). See also Armstead v. State, 612 So.2d 623 (Fla. 1st DCA 1993). Therefore, the sentence in 89-583 must be vacated. In addition, since the original sentences on counts III and TV in case no. 89-580 did not contain probation components, the court erred in sentencing appellant for violation of probation on those counts, and those sentences also must be vacated. Therefore, we remand for correction of these sentencing errors and for resentencing in Case No. 89-583. In all other respects, the convictions and sentences are affirmed.
JOANOS and WOLF, JJ., concur.
BENTON, J., concurring in part and dissenting in part.