PER CURIAM.
Gary McClendon (McClendon) appeals, arguing that his judgment must be corrected to reflect that his carjacking is merely a first-degree felony, rather than a first-degree felony punishable by life (PBL). We agree.
McClendon negotiated a plea[1] of guilty to, and was adjudicated guilty of, carjacking (count one), attempted kidnapping (count two), and attempted kidnapping of children under age thirteen (counts three and four). McClendon was sentenced as an habitual violent felony offender, based on predicate May 1989 convictions for possession of a firearm by a convicted felon and aggravated battery,[2] *413 to forty years in prison. Fifteen of these years are mandatory minimum years of imprisonment imposed for count one, with ten concurrent mandatory years for each of counts two through four. McClendon expressly agreed to a fifteen-year mandatory term, and expressly stated that he understood that under present law the fifteen-year mandatory term is irrelevant because he must serve eighty-five percent of his sentence, that is, thirty-four years. Carjacking while armed is a first-degree felony PBL. § 812.133(2)(a), Fla. Stat. (1995).
Carjacking while unarmed is merely a first-degree felony. § 812.133(2)(b), Fla.Stat. (1995). McClendon’s judgment reflects conviction of a first-degree felony PBL; the information however omits any allegation that McClendon was armed with a deadly weapon during the carjacking. The State correctly concedes that McClendon’s judgment must be corrected to reflect merely a first-degree felony, rather than a first-degree felony PBL. This ministerial change will not change McClendon’s ultimate sentence, because McClendon was sentenced as an habitual violent felony offender. § 775.084(4)(b)l, Fla.Stat. (1995) (the sentence for a first-degree felony may be enhanced to a life sentence upon a finding that the defendant is an habitual violent felony offender, “and such offender shall not be eligible for release for 15 years”).
McClendon need not be present for the correction of his judgment. Sinks v. State, 661 So.2d 303, 304 (Fla.1995) (reversing for correction of sentence and directing that defendant “does not have to be present for resentencing”); Brown v. State, 670 So.2d 168 (Fla. 1st DCA 1996) (same).
We accordingly affirm McClendon’s convictions and sentences. We nevertheless remand for correction of his judgment.
LAWRENCE and PADOVANO, JJ., concur.
WEBSTER, J., concurs in result only.

. The State, in exchange, dropped counts five (kidnapping with a firearm with intent to commit sexual battery), six (battery), and seven (assault with a firearm); McClendon's crimes were committed on March 5 and 8, 1996, against five different victims, at different times and locations, in Duval County.

. McClendon's criminal history also includes resisting arrest with violence, battery on a law *413 enforcement officer, escape, burglary, and sundry misdemeanors.