ANTOON, Judge.
Letarius Mathis (defendant) appeals the trial court’s order denying his motion for postconviction relief which was filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. We affirm the trial court’s order, but remand for correction of the judgment entered in this case.
The defendant entered a plea of no contest in accordance with the terms of a written plea agreement. The plea agreement stated that the defendant’s plea in Case No. 93-19098 was to the charge of “armed robbery,” a first-degree felony for which the maximum penalty is thirty years. The plea agreement did not make a specific reference to any Florida statute. The trial court accepted the terms of the agreement, departed downward from the sentencing guidelines, and sentenced the defendant to a term of five years’ probation. After twice violating the terms of his probation, the defendant was sentenced to a term of imprisonment. The scoresheet used at this sentencing hearing reflected seventy points for a first-degree felony punishable by a maximum of thirty years in prison. However, the defendant’s judgment indicated that he had been convicted of the offense of armed robbery, a first-degree felony punishable by life. Thus, the instant record on its face is unclear as to whether the defendant originally entered a plea to the offense of robbery with a weapon, a first-degree felony punishable by a maximum of thirty years in prison under section 812.13(2)(b), Florida Statutes (1993), or to the offense of robbery with a firearm or other deadly weapon, a first-degree felony punishable by life under section 812.13(2)(a), Florida Statutes (1993). The state resolves this uncertainty by conceding that the defendant’s original plea was to the offense of robbery with a weapon.
Accordingly, we affirm the trial court’s denial of the defendant’s rule 3.850 motion but remand this matter to the trial court with instructions that the defendant’s judgment in Case No. 93-19098 be corrected to reflect that he was convicted of robbery with a weapon under section 812.13(2)(b), Florida Statutes (1993). We note that it is not necessary for the defendant to be present for this ministerial correction. McClendon v. State, 689 So.2d 412 (Fla. 1st DCA 1997).
AFFIRMED and REMANDED.
COBB and W. SHARP, JJ., concur.