774 So.2d 895 (2001)
Yoany BARCELO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2284.
District Court of Appeal of Florida, Fourth District.
January 3, 2001.
Yoany A. Barcelo, Belle Glade, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We reverse Barcelo's sentence and remand for re-sentencing. The state concedes that it was error to re-sentence him in absentia.
Barcelo was sentenced to ten years in prison on two counts of robbery and two counts of aggravated assault with a firearm. He moved for post-conviction relief under Florida Rule of Criminal Procedure 3.850, citing Heggs v. State, 759 So.2d 620 (Fla.2000). The court agreed Barcelo had been incorrectly sentenced under the invalid 1995 guidelines, determined that his case fell within the window of opportunity *896 set forth in Trapp v. State, 760 So.2d 924 (Fla.2000), and vacated the sentence. It then re-sentenced him to 110 months based on the 1994 guidelines, which set forth a range of 66-110 months. This re-sentencing was "done and ordered in chambers," and no hearing was held.
A criminal defendant has a right to be present at sentencing, whether the sentence to be imposed is the immediate result of adjudication of guilt or the result of a successful 3.850 challenge. State v. Scott, 439 So.2d 219, 221 (Fla.1983); see also Jackson v. State, 767 So.2d 1156, 1160 (Fla.2000); Brice v. State, 770 So.2d 740 (Fla. 4th DCA 2000). We note that an indigent defendant also is entitled to appointment of counsel at sentencing. See Scott, 439 So.2d at 221; Taylor v. State, 745 So.2d 341, 342 (Fla. 3d DCA 1999)(citing Griffin v. State, 517 So.2d 669, 670 (Fla.1987)).
GUNTHER, STONE, and SHAHOOD, JJ., concur.