PER CURIAM.
The Defendant contends the trial court erred in re-sentencing him without first holding a hearing as required under Heggs v. State, 759 So.2d 620 (Fla.2000). We agree.
The State conceded that, under Heggs, the Defendant was entitled to be re-sentenced under the 1994 sentencing guidelines. Thus, the State recommended a sentence ranging from 30.3 months to 50.5 months, higher than what the Defendant had calculated.
Without holding a hearing, the trial court granted the Defendant’s motion and vacated his sentence. The court stated in its order, “The Court has reviewed the matter fully and has full recollection of the reasons the original sentence was imposed. A new sentencing hearing is not necessary to accomplish the relief sought by the defendant.” The trial court relied upon the State’s calculation of the 1994 scoresheet and re-sentenced the Defendant to 43 months in prison.
The Defendant timely filed a pro se notice of appeal and was appointed appellate counsel. At no time prior to the filing of the initial brief did the Defendant file a Rule 3.800(b) motion to correct sentence or otherwise object to being re-sentenced without a hearing.
Previously, this Court held that re-sentencing a defendant under Heggs without a hearing at which the defendant is present and represented by counsel constitutes error. See Barcelo v. State, 774 So.2d 895 (Fla. 4th DCA 2001).
We have also held that, with the exception of sentence corrections, it is fundamental error for a trial court to re-sentence a defendant in his absence and without counsel present. See Dougherty v. State, 785 So.2d 1221 (Fla. 4th DCA, 2001); see also Jones v. State, 781 So.2d 480 (Fla. 3d DCA 2001) (where the defendant was not present during re-sentencing hearing, court held it would hear the defendant’s belated appeal and decide the case on the merits). Accordingly, we reverse and remand.
REVERSED AND REMANDED FOR RE SENTENCING.
GUNTHER, FARMER and TAYLOR, JJ., concur.