789 So.2d 1114 (2001)
Leonard A. HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-898.
District Court of Appeal of Florida, First District.
June 21, 2001.
*1115 Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, for Appellant.
Robert A. Butterworth, Attorney General; Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, J.
Appellant seeks review of an order denying a petition for a writ of habeas corpus. Because the petition fails to state a facially sufficient claim for relief pursuant to either Florida Rule of Criminal Procedure 3.850 or 3.800(a), we affirm.
In his petition, appellant alleged that he had been adjudicated guilty and sentenced in 1991, pursuant to a negotiated plea agreement. He subsequently challenged his convictions and sentences by a postconviction motion. Because of procedural irregularities in the original sentencing proceeding, the original sentences were vacated. Further proceedings were held but, apparently as the result of clerical errors, appellant was not actually resentenced until some years later, when the original negotiated sentences were reimposed. When he ultimately was resentenced, he was not afforded the opportunity to be present. The only complaint made by appellant in his petition was that he had a constitutionally protected right to be present at resentencing. There is no allegation suggesting in any way that his absence at resentencing resulted in any type of harm to him, or that the sentences he received could not have been lawfully imposed had he been present at sentencing. (In fact, the plea agreement attached as an exhibit to the petition indicates that the sentences were "below the recommended guideline sentence.") The trial court denied the petition on the ground that, because reimposition of the original negotiated sentences "constituted a purely ministerial act," appellant's presence was not required.
It is well settled that habeas corpus may not be used as a substitute for an appropriate motion seeking postconviction relief pursuant to the Florida Rules of Criminal Procedure. Fla. R.Crim. P. 3.850(h). See, e.g., Leichtman v. Singletary, 674 So.2d 889, 891-92 (Fla. 4th DCA 1996); State v. Broom, 523 So.2d 639, 641 (Fla. 2d DCA 1988), appeal dismissed, 545 So.2d 1366 (Fla.1989); Finley v. State, 394 So.2d 215, 216 (Fla. 1st DCA 1981). Accordingly, we must determine whether appellant's petition states a facially sufficient claim for relief pursuant to either Florida Rule of Criminal Procedure 3.850 or 3.800(a).
The petition is facially insufficient when considered pursuant to rule 3.850. It is not under oath, as required by rule 3.850(c), and it fails to meet several of the other pleading requirements of that subdivision. The petition is also facially insufficient when considered pursuant to rule 3.800(a). Appellant's only complaint is that he had a constitutional right to be present at resentencing. He makes no complaint about the sentences imposed, which appear to have been below those recommended by the sentencing guidelines. Rule 3.800(a) is intended to permit the correction only of sentencing errors that are clear from the face of the record, and result in substantive harm to the complainant. As the Second District Court of Appeal explained in Judge v. State, 596 *1116 So.2d 73, 77 (Fla. 2d DCA 1992) (en banc), the rule is not intended to address purely procedural complaints such as appellant's:
Rule 3.800(a) is intended to provide relief for a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law. It is concerned primarily with whether the terms and conditions of the punishment for a particular offense are permissible as a matter of law. It is not a vehicle designed to re-examine whether the procedure employed to impose the punishment comported with statutory law and due process.
See also Carter v. State, 786 So.2d 1173, 1180 (Fla.2001) (citing to this portion of the Judge opinion with apparent approval). The justification for such a narrow interpretation of rule 3.800(a) should be apparent, given the fact that the rule imposes no time limit on the filing of a motion seeking relief.
It may well be, as appellant argues, that it was error not to afford him the opportunity to be present at resentencing. See, e.g., Barcelo v. State, 774 So.2d 895, 896 (Fla. 4th DCA 2001) ("A criminal defendant has the right to be present at sentencing, whether the sentence to be imposed is the immediate result of adjudication of guilt or the result of a successful 3.850 challenge"). Had appellant sought direct review of the order reimposing his original sentence, we might well have concluded that a new sentencing hearing was required, at which he was entitled to be present. However, appellant did not appeal that order. As our supreme court has pointed out, even sentencing errors that would be treated as "fundamental" for purposes of direct appeal are not necessarily "illegal" for purposes of rule 3.800(a). Maddox v. State, 760 So.2d 89, 100 (Fla.2000) (citing Judge and Davis v. State, 661 So.2d 1193 (Fla.1995)).
Because appellant's petition for a writ of habeas corpus does not state a facially sufficient claim for relief pursuant to either Florida Rule of Criminal Procedure 3.850 or 3.800(a), we affirm.
AFFIRMED.
DAVIS, J. concurs; BENTON, J., dissents with written opinion.
BENTON, J., dissenting.
Despite the unusual procedural posture in which this case reaches us, it presents a fundamental question: What constitutes a sentence? "The term sentence means the pronouncement by the court of the penalty imposed...." Fla. R.Crim. P. 3.700(a). Contemplating oral pronouncement under the heading "Pronouncement and Entry," the rule specifies that every "sentence ... shall be pronounced in open court." Fla. R.Crim. P. 3.700(b). See Washington v. Mayo, 77 So.2d 620 (Fla.1955). Absent pronouncement, there is no sentence. See Adams v. State, 780 So.2d 955, 959 (Fla. 4th DCA 2001) ("Where no oral sentence was pronounced, a written sentence is invalid. See Sprankle v. State, 677 So.2d 307 (Fla. 1st DCA 1996). Thus, we view the entry of the first written sentencing order as a nullity.").
After Leonard A. Harris was adjudicated guilty, he was originally sentenced in open court as an adult on May 3, 1991. Shortly thereafter, in a motion for postconviction relief, he alleged that, because he was a juvenile offender, the trial court had erred in failing to make factual findings required by section 39.059(7), Florida Statutes (Supp.1990), before pronouncing sentence. The trial court granted this motion, vacated the original sentence, and set a hearing in order to comply with section 39.059(7).
The hearing took place on December 12, 1991. Subsequently, an order was entered *1117 that contained the findings required by section 39.059(7). But the order made no mention of imposition of a new sentence. Nor did the trial court ever hold another sentencing hearing.
After first filing other papers pointing out that he had never been re-sentenced, Mr. Harris filed a petition for writ of habeas corpus on September 1, 1998, alleging that he was being held unlawfully because his original sentence had been vacated and the trial court had never imposed another sentence.
The trial court entered an order denying this petition for writ of habeas corpus on March 2, 1999. The trial court's order also directed that the sentence that had been vacated be reinstated nunc pro tunc as of the date of the original sentencing. Entered in response to a pro se pleading, this "reinstatement" was never appealed.
On November 10, 1999, Mr. Harris filed the present petition for writ of habeas corpus alleging that the trial court erred because the "reinstatement" was illegal and unauthorized. He argued that the trial court purported to re-sentence him without affording him an opportunity to be present. See generally State v. Mancino, 714 So.2d 429, 433 (Fla.1998) (holding that even a genuine "sentence that patently fails to comport with statutory or constitutional limitations is by definition `illegal'").
In the order under review, the trial court denied the second petition for writ of habeas corpus on November 23, 1999, noting that Mr. Harris's "reinstated" sentence was identical to the sentence he had originally received when he was present for sentencing. The trial court reasoned that reinstating a sentence contemplated by a written plea agreement was a ministerial act for which there was no requirement that Mr. Harris be present. But see Griffin v. State, 517 So.2d 669, 670 (Fla.1987) (holding the "presence of the defendant is as necessary at resentencing as it was at the time of the original sentence"); Barcelo v. State, 774 So.2d 895, 896 (Fla. 4th DCA 2001) (reversing imposition of sentence where "re-sentencing was `done and ordered in chambers,' and no hearing was held").
When a trial court corrects a clerical error, see Brown v. State, 689 So.2d 448, 448-49 (Fla. 4th DCA 1997) (conforming written sentence to oral pronouncement by deleting provision for probation following incarceration), or cures a defect in the underlying judgment that does not affect the sentence, see McClendon v. State, 689 So.2d 412, 413 (Fla. 1st DCA 1997) (correcting judgment to reflect that offense was first degree felony rather than first degree felony punishable by life), it may proceed in the defendant's absence. Similarly, when a trial court strikes a portion of a sentence or otherwise makes some (even non-clerical) correction that benefits the defendant, the defendant's presence is not required. See Donaldson v. State, 751 So.2d 174, 174 (Fla. 1st DCA 2000)(emending sentence to allow credit for jail time); State v. Arduengo, 609 So.2d 651, 653 (Fla. 2d DCA 1992)(permitting "[r]evision [downward] or deletion of the ancillary provision retaining jurisdiction to deny parole").
The purported resentencing here was not, however, a clerical or purely ministerial act. Nor did the trial court alter an existing sentence. It purported to impose a new sentence because it had previously vacated the original sentence. See Barcelo, 774 So.2d at 896 ("A criminal defendant has a right to be present at sentencing, whether the sentence to be imposed is the immediate result of adjudication of guilt or the result of a successful 3.850 challenge.").
The trial court erred, in my view, in denying the petition for writ of habeas corpus challenging Mr. Harris's putative *1118 resentencing. The right to be present at sentencing, a critical stage of the proceeding, is well established. See Fla. R.Crim. P. 3.180(a)(9); Griffin, 517 So.2d at 670 ("The pronouncement of sentence upon a criminal defendant is a critical stage of the proceedings to which all due process guarantees attach whether the sentence is the immediate result of adjudication of guilt or, as here, the sentence is the result of an order directing the trial court to resentence the defendant."); State v. Scott, 439 So.2d 219, 221 (Fla.1983). Purporting to impose sentence without providing the defendant an opportunity to be present violates constitutional principles. See Nelson v. State, 724 So.2d 1202, 1204 (Fla. 2d DCA 1998) ("Sentencing is a critical stage of a criminal prosecution for which the defendant has a constitutionally protected right to attend, and his attendance is mandated by our criminal rules."); Papageorge v. State, 710 So.2d 53, 54-55 (Fla. 4th DCA 1998).
Since Mr. Harris sought relief from detention not authorized by a sentence, his petition for writ of habeas corpus was appropriate. See Westberry v. Cochran, 118 So.2d 194, 195 (Fla.1960) (reversing denial of habeas petition because "at the time of the entry of this sentence, the petitioner was not present in court," and remanding with directions that the petitioner "be taken again before the trial court for the imposition of a sentence"); Wellington v. State, 226 So.2d 432 (Fla. 2d DCA 1969) (same); Neering v. State, 164 So.2d 29 (Fla. 1st DCA 1964) (same). See generally Carter v. State, 786 So.2d 1173, 1177 (Fla. 2001) (describing as subject to collateral attack "a sentence `no judge under the entire body of sentencing statutes could possibly inflict.' Austin [v. State], 756 So.2d [1080] at 1081 [ (Fla. 4th DCA 2000),] (quoting Blakley [v. State ], 746 So.2d [1182] at 1186-87 [(Fla. 4th DCA 1999) ]")); Allison v. Baker, 152 Fla. 274, 11 So.2d 578, 579 (1943) ("The writ of habeas corpus i[s] a high prerogative writ of ancient origin designed to obtain immediate relief from unlawful imprisonment without sufficient legal reasons.").
Accordingly, I respectfully dissent.