PER CURIAM.
The appellant was sentenced to 8.5 years in prison with a mandatory minimum and lifetime probation for attempted first degree murder. In a motion for postcon-viction relief, he correctly argued that his sentence exceeded the maximum authorized by law. The state conceded error, as the maximum sentence for the crime could hot exceed forty years. The trial court accepted the concession, and entered an amended sentencing order reducing probation after appellant’s prison term to 31.5 years. ■ The trial court did not permit defendant to be present for this resentenc-ing. This was error.
This case is controlled by Barcelo v. State, 774 So.2d 895 (Fla. 4th DCA 2001). There, the defendant moved for postcon-viction relief claiming that he was incorrectly sentenced to ten years under the invalid 1995 sentencing guidelines. The trial court agreed and resentenced the defendant by order entered in chambers to 110 months, the top of the 1994 guidelines, which was as close to his original sentence as was legal. We held that it was error to resentence the defendant in absentia. We explained:
A criminal defendant has a right to be present at sentencing, whether the sentence to be imposed is the immediate result of adjudication of guilt or the result of a successful 3.850 challenge. State v. Scott, 439 So.2d 219, 221 (Fla.1983); see also Jackson v. State, 767 So.2d 1156, 1160 (Fla.2000); Brice v. State, 770 So.2d 740 (Fla. 4th DCA 2000).
Id. at 896. In accordance with Barcelo, we reverse and remand for a new sentencing hearing. We affirm as to all other issues.
STONE, WARNER and MAY, JJ., concur.