PER CURIAM.
Carl Barnes appeals an order dismissing his petition for writ of habeas corpus. Because the petition fails to state a facially sufficient claim for relief pursuant to either Florida Rule of Criminal Procedure 3.850or 3.800(a), we affirm.
As the circuit court explained, a petition for habeas corpus may not be used as a substitute for an appropriate motion seeking postconviction relief. See Baker v. State, 878 So.2d 1236 (Fla.2004); Harris v. State, 789 So.2d 1114 (Fla. 1st DCA 2001). Given this, the court “must determine whether appellant’s petition states a facially sufficient claim for relief pursuant to either Florida Rule of Criminal Procedure 3.850or 3.800(a).” Id., at 1115.
The court cannot treat Barnes’ habeas corpus petition as a motion filed under rule 3.850because it was not filed within two years of the date his sentence became final. See Fla. R.Crim. P. 3.850(b) (Time Limitations). In addition, the petition is facially insufficient as a 3.850 motion because it does not contain much of the information required by the rule. See Fla. R.Crim. P. 3.850(c) (Contents of Motion).
The petition is also facially insufficient when considered as a 3.800(a) motion. “Rule 3.800(a) is intended to permit the correction only of sentencing errors that are clear from the face of the record, and result in substantive harm to the complainant.” Harris, 789 So.2d at 1115. Barnes makes no allegation that the sentencing error he complains of is clear from the face of the record.
AFFIRMED.
BARFIELD, KAHN and PADOVANO, JJ., concur.