971 So.2d 934 (2007)
Monte R. BIXLER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-2260.
District Court of Appeal of Florida, Second District.
December 21, 2007.
Rehearing Denied January 22, 2008.
*935 Monte R. Bixler, pro se.
Bill McCollum, Attorney General, Tallahassee, and Elba Caridad Martin, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Monte R. Bixler appeals an order summarily dismissing his petition for writ of habeas corpus, filed in Pasco County where his judgment and life sentence for capital sexual battery were entered in 1980. All of the issues raised by Mr. Bixler amount to collateral attacks on his judgment and sentence, issues that could have been raised in a timely motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 or a timely petition alleging ineffective assistance of appellate counsel pursuant to Florida Rule of Appellate Procedure 9.141(c). The circuit court dismissed the petition for lack of jurisdiction but also noted that any request for postconviction relief would be time-barred.
As we recently explained in Valdez-Garcia v. State, 965 So.2d 318 (Fla. 2d DCA 2007), the writ of habeas corpus "provide[s] a constitutional remedy to assure the right to seek one's freedom from detention whenever the law does not otherwise provide an adequate mechanism to obtain relief from illegal detention." Id. at 322. Here, the provisions of rule 3.850 and rule 9.141(c) provided an adequate mechanism to address the issues now raised by Mr. Bixler in his petition for writ of habeas corpus. Therefore habeas relief was not appropriate.
The circuit court should not have dismissed the petition for lack of jurisdiction because the petition did not allege appropriate grounds for habeas relief. Rather, the circuit court should have treated the petition as a motion for postconviction relief under rule 3.850, or perhaps as a petition alleging ineffective assistance of appellate counsel that required transfer to the appropriate appellate court. The circuit court properly concluded, however, that any such motion or petition was untimely and procedurally barred. See In re Rule 3.850 of Florida Rules of Criminal Procedure, 481 So.2d 480, 480 (Fla.1985) ("Any person whose judgment and sentence became final prior to January 1, 1985, shall have until January 1, 1987, to file a motion in accordance with this rule."); Fla. R.App. P. 9.141(c)(4)(B), (C).
The State notes that Mr. Bixler has filed numerous other challenges to his judgment and sentence in this case both in this court and in other courts.[1] The State urges us *936 to issue an order asking Mr. Bixler to show cause why we should not sanction him by prohibiting him from filing future pro se postconviction proceedings in this court regarding this judgment and sentence. At this time, we decline to do so. In this particular appeal, Mr. Bixler has expressed some perhaps understandable confusion based upon the more recent of his attempts to procure postconviction relief. Now that this confusion has been addressed, however, Mr. Bixler should be forewarned that future filings raising similar issues regarding this judgment and sentence may result in the State appropriately seeking sanctions in the circuit court or in this court.
Affirmed.
DAVIS, J., and DANAHY, PAUL W., Senior Judge, Concur.
NOTES
[1] This court's cases include: Bixler v. State, 922 So.2d 199 (Fla. 2d DCA 2006) (table decision) (No. 2D05-2285) (affirming without opinion order denying postconviction motion for DNA testing); Bixler v. State, 907 So.2d 522 (Fla. 2d DCA 2005) (table decision) (No. 2D05-2877) (denying without opinion petition for writ of mandamus); Bixler v. State, 884 So.2d 29 (Fla. 2d DCA 2004) (table decision) (No. 2D04-392) (affirming without opinion Polk County order denying petition for writ of habeas corpus); Bixler v. State, 875 So.2d 600 (Fla. 2d DCA 2004) (table decision) (No. 2D03-5104) (denying without opinion petition for writ of mandamus); Bixler v. State, 761 So.2d 1103 (Fla. 2d DCA 2000) (table decision) (No. 2D00-1427) (denying without opinion petition for habeas corpus); Bixler v. State, 758 So.2d 675 (Fla. 2d DCA 2000) (table decision) (No. 2D99-4059) (affirming without opinion summary denial of motion for postconviction relief); Bixler v. State, 731 So.2d 658 (Fla. 2d DCA 1999) (table decision) (No. 98-4843) (denying without opinion petition for habeas corpus); Bixler v. Singletary, 606 So.2d 1172 (Fla. 2d DCA 1992) (table decision) (No. 92-3060) (denying without opinion petition for habeas corpus); Bixler v. State, 513 So.2d 143 (Fla. 2d DCA 1987) (table decision) (No. 87-2381) (affirming without opinion order denying motion for postconviction relief); Bixler v. State, 392 So.2d 1382 (Fla. 2d DCA 1980) (table decision) (No. 80-842) (affirming without opinion direct appeal of judgment and sentence).