PER CURIAM.
We review an order denying a Petition For Writ of Habeas Corpus that alleged *75 the victim of the underlying offense — sexual activity with a child in familial or custodial authority — executed a written statement recanting her prior statements and denying that the defendant committed the crime for which he was convicted. We reverse the order denying the Petition for Writ of Habeas Corpus and remand this case to the trial court to consider the petition as a motion for postconviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure, and to conduct an evidentiary hearing regarding the victim’s written statement. See Doby v. State, 25 So.3d 598 (Fla. 2d DCA 2010) (explaining why defendant’s petition for habeas corpus was properly treated by trial court as a motion under rule 3.850); Watts v. State, 985 So.2d 21, 22 (Fla. 2d DCA 2008) (“Therefore, the circuit court should have treated Watts’ petition as a motion for postconviction relief, despite its improper title.” (citing Bixler v. State, 971 So.2d 934, 935 (Fla. 2d DCA 2007) (holding that circuit court should have treated the habeas petition as a motion for postconviction relief); Valdez-Garcia v. State, 965 So.2d 318, 319 (Fla. 2d DCA 2007) (noting that where defendant filed petition for ha-beas corpus in circuit court in which he was convicted, court should have treated petition as a motion seeking postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850))), review denied, 4 So.3d 678 (Fla.2009); Curtis v. State, 870 So.2d 186, 186 (Fla. 2d DCA 2004); Harris v. State, 789 So.2d 1114, 1115 (Fla. 1st DCA 2001).
REVERSED AND REMANDED.
MONACO, C.J., SAWAYA and COHEN, JJ., concur.