# Third District Court of Appeal

## State of Florida

Opinion filed July 12, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0714
Lower Tribunal No. F15-16272
_____

**Jean Gerome,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Habeas Corpus.

Jean Gerome, in proper person.

Ashley Moody, Attorney General, and Kseniya Smychkouskaya, Assistant Attorney General, for respondent.

Before EMAS, SCALES, and LINDSEY, JJ.

LINDSEY, J.

Appellant Jean Gerome petitions this Court for a writ of habeas corpus. Because each of the six counts in his petition should have been raised either in his prior petition or on direct appeal, we deny his petition.

**Background**

The following facts are undisputed. In late 2016, Jean Gerome was charged by information with one count of sexual battery, in violation of sections 794.011(5)(b) and 777.011, Florida Statutes. The case proceeded to trial, where Gerome was convicted as charged. He was sentenced to 94.50 months of incarceration, followed by three years of sexual predator probation.

Gerome filed a notice of appeal, and the court appointed the Office of Criminal Conflict Counsel to represent him on appeal. Gerome's appellate counsel filed an Initial Brief, but seven months later filed a motion to withdraw it. In her motion, she alleged that she could no longer proceed, because in her opinion, "there is no basis for the instant appeal."

Two months later, Gerome filed a pro se Initial Brief of Appellant. In this initial brief, Gerome claimed reversible error, alleging that the trial court had erred by "failing to give a read-back instruction to the jury" and by "failing to grant his motion for judgment of acquittal based on insufficient evidence

2

to support the charge offense." On May 1, 2019, this Court issued a per curiam affirmance. Gerome v. State, 274 So. 3d 1090 (Table) (Fla. 3d DCA 2019) ("Gerome I").

Within the month, Gerome filed a petition for writ of habeas corpus with this Court, initiating a new case number. He argued that his previous appellate counsel was ineffective, contending that she had failed to argue that the trial court erred when it permitted the State to amend the information during jury selection. Gerome v. State, 306 So. 3d 314, 316 (Fla. 3d DCA 2020) ("Gerome II"). This Court denied the petition with a written opinion, which was published on July 1, 2020. Id.

Almost simultaneously, on May 28, 2020, Gerome filed a motion for post-conviction relief under Rule 3.850, alleging ineffectiveness of his trial counsel because there was no evidence presented at trial as to his age at the time of the charged offense. The trial court denied the motion and addressed Gerome's claim on the merits.

Gerome then filed a successive motion for post-conviction relief, alleging newly discovered evidence, actual innocence, ineffective assistance of trial counsel, and prosecutorial misconduct. This motion is currently pending before the trial court.

Gerome now petitions this Court for a successive writ of habeas corpus "to avoid incongruous and manifestly unfair results." As basis for jurisdiction, he invokes "new attacks on the validity of custody asserting illegal [seizure], prosecutorial misconduct, trial [court] errors, confrontation violations and ineffective assistance of trial and appellate counsels."

### Standard of Review

The appellate standard of review for a writ of habeas corpus is de novo. State v. S.M., 131 So. 3d 780, 784 (Fla. 2013); see also Junior v. LaCroix, 263 So. 3d 159 (Fla. 3d DCA 2018).

### Analysis

The Florida Constitution guarantees that a "writ of habeas corpus shall be grantable of right, freely and without cost." Art. I, § 013, Fla. Const. However, the Florida Supreme Court has also recognized that "the right to habeas relief, like any other constitutional right, is subject to certain reasonable limitations consistent with the full and fair exercise of the right." Haag v. State, 591 So. 2d 614, 616 (Fla. 1992); see also Baker v. State, 878 So. 2d 1236, 1241 (Fla. 2004). Further, "habeas corpus may not be used as a substitute for an appropriate motion seeking postconviction relief . . . ." Harris v. State, 789 So. 2d 1114, 1115 (Fla. 1st DCA 2001).

Each of the six counts in Gerome's petition should have been raised either in his motion for post-conviction relief or on direct appeal. He alleges illegal seizure, prosecutorial misconduct, fundamental trial court errors, confrontation violations, and ineffective assistance of both his trial counsel and his appellate counsel. Each is addressed individually below.

### I.    Alleged illegal seizure

"Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack." Spencer v. State, 842 So. 2d 52, 68 (Fla. 2003) (quoting Smith v. State, 445 So. 2d 323, 325 (Fla. 1983)). "The mere incantation of the words 'manifest injustice' does not make it so." Beiro v. State, 289 So. 3d 511 (Fla. 3d DCA 2019).

Gerome alleges that his photo lineup was conducted in a "suggestive" way that "tainted" the victim's identification of his photo. Any challenge to Gerome's photo lineup procedure would require an examination of the facts, and any challenge that was or could have been litigated at trial cannot be brought in for the first time through a habeas petition. Further, this claim is untimely, as Rule 3.850(b) provides a two-year time limit to file a postconviction motion. Since Gerome's conviction became final in 2019, and he filed this Petition in April 2023, he does not fall within the two-year window.

Gerome may not circumvent the time limits of Rule 3.850(b) by including this issue in a petition for a writ of habeas corpus.

## II. Prosecutorial misconduct

"[H]abeas corpus is not an available remedy in lieu of a belated rule 3.850 motion for postconviction relief . . . ." Concepcion v. State, 304 So. 3d 1261, 1263 (Fla. 3d DCA 2020) (citing Baker, 878 So. 2d at 1242).   Here, Gerome claims that he is entitled to release because of "outrageous government conduct including but not limited to Brady and Giglio violations, burden shifting, information amending during jury selection, and late disclosure of evidence." However, Gerome is precluded from raising these issues in a petition for a writ of habeas corpus; prosecutorial misconduct allegations should be raised on direct appeal or via a 3.850 proceeding. See McAffee v. State, 925 So. 2d 1069, 1070 (Fla. 2d DCA 2006).

## III. Trial court errors

"[A]n error that is actually reviewable on direct appeal as 'fundamental error' cannot be raised on postconviction review except as a matter of ineffective assistance of counsel." Hughes v. State, 22 So. 3d 132, 133 (Fla. 2d DCA 2009); see also Maxwell v. State, 278 So. 3d 771 (Fla. 3d DCA 2019). Gerome alleges that the trial court "committed fundamental errors by the use of and/or in jury instructions, the allowing of information amending

6

during jury selections, failing to conduct a <u>Richardson</u> hearing on discovery violations, not granting the defense a continuance and allowing [witness] hearsay testimony in violation of due process." Again, each of these issues should have been brought up on direct appeal, or under the umbrella of ineffective assistance of counsel. This Court has already addressed the information-amending claim in its prior case, and the others should not be brought up as part of Gerome's habeas petition.

### IV. Confrontation violations

In a claim that overlaps with Count III (trial court errors), Gerome alleges that he did not receive adequate notice of the depositions taken in his case, and that he was deprived of the right to depose the victim. Again, the issue should have been raised on direct appeal and is procedurally barred from this Court's consideration.

### V. Ineffective assistance of trial counsel

"Claims of ineffective assistance of trial counsel are not cognizable in a petition for habeas corpus . . . ." <u>Blazevich v. State</u>, 328 So. 3d 1148, 1149 (Fla. 3d DCA 2021) (quoting <u>King v. State</u>, 695 So. 2d 1299, 1299 (Fla. 4th DCA 1997)). And "the remedy of habeas corpus is not available as a substitute for post-conviction relief under Rule 3.850, Fla.R.Crim.P." <u>Finley v. State</u>, 394 So. 2d 215, 216 (Fla. 1st DCA 1981). Here, Gerome contends

that his trial counsel was ineffective for failing to fully investigate the case, including an alleged inability to obtain DNA lab results, details of the victim's interview, and video of the photo lineups. However, this claim is not available in a petition for habeas corpus.

### VI. Ineffective assistance of appellate counsel

Claims that have previously been raised cannot be relitigated in a successive habeas petition. See King v. State, 808 So. 2d 1237, 1246 (Fla. 2002); see also Johnson v. Singletary, 647 So. 2d 106, 109 (Fla. 1994) ("Successive habeas corpus petitions seeking the same relief are not permitted nor can new claims be raised in a second petition when the circumstances upon which they are based were known or should have been known at the time the prior petition was filed."). Here, Gerome again raises a claim for ineffective assistance of his appellate attorney. His claim has already been addressed by this Court, which held that "the asserted deficiency neither fell measurably outside the range of professionally acceptable performance, nor compromised 'the appellate process to such a degree as to undermine confidence in the correctness of the result,'" and denied the petition. Gerome II, 306 So. 3d at 316.

**Conclusion**

The Florida Constitution guarantees that a "writ of habeas corpus shall be grantable of right, freely and without cost." Art. I, §13, Fla. Const. However, "the right to habeas relief, like any other constitutional right, is subject to certain reasonable limitations consistent with the full and fair exercise of the right." Haag, 591 So. 2d at 616; see also Baker, 878 So. 2d at 1241. And "habeas corpus may not be used as a substitute for an appropriate motion seeking postconviction relief . . . ." Harris, 789 So. 2d at 1115.

Each of the six counts in Gerome's petition should have been raised either in his motion for post-conviction relief or on direct appeal. We therefore deny his petition for writ of habeas corpus.

Petition denied.